616 So.2d 100 (1993)
William KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2654.
District Court of Appeal of Florida, First District.
March 22, 1993.
*101 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt and Amelia L. Beisner, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
In this direct criminal appeal, appellant argues that the trial court imposed a departure sentence without written reasons. Therefore, he contends that the sentence must be reversed and the case remanded, with directions that the trial court impose a guidelines sentence. We agree.
Appellant was charged in two separate cases. In the first, he was charged with burglary of a structure and possession of burglary tools; and, in the second, he was charged with burglary of a structure. As the result of negotiations with the state, appellant agreed to plead no contest to all three counts in the two cases. In return, the state agreed that it would recommend that appellant receive a 22-month sentence for each count of the first case and for the single count of the second case, the three sentences to run concurrently.
The trial court told appellant that it felt that the concurrent 22-month sentences recommended for the two counts of the first case were appropriate. However, it also told appellant that it would not sentence him as recommended in the second case. It offered appellant an opportunity to withdraw his plea in the second case, telling him that, if he did not withdraw his plea, he would receive a 22-month sentence in the second case, but that it would run consecutively to the sentences imposed in the first case. (In other words, the trial court told appellant that it was rejecting the plea agreement in the second case.) After discussing the matter with his attorney, appellant told the trial court that he did not wish to withdraw his no-contest plea in the second case.
The following discussion then took place:
[THE COURT:] At this time, I'll be glad to hear from you and your Counsel and from the State as to recommendation for sentencing.
[DEFENSE COUNSEL:] Your Honor, it appears that in calculating his prior record and what he's charged with, it would still be a maximum of 22 months' state prison, and I'm requesting that you sentence him within the guidelines.

*102 THE COURT: Counsel for the State, do I need  in light of him having been sentenced on this other charge, do I need a corrected score sheet or is this score sheet adequate? This shows that  this basically reflects two primary offenses at conviction and gives points for that. Do you know whether or not another score sheet which, [sic] would reflect the sentencing in [the first case] as being a prior record, would result in any different score?
[PROSECUTOR:] No, Judge. If I provided you a score sheet for each offense, it would be the same. The points would be  I think they used to be 35 and then they are 39, so it would be two score sheets of 35, same sentence.
THE COURT: Okay.
... .
THE COURT: Okay. Mr. Kelly, at this point, I do adjudicate you guilty of this offense and I do sentence you to 22 months in state prison. It will run consecutively to the 22 months that I have imposed in [the first case].
(Emphasis added.)
The sentencing guidelines scoresheet to which the trial court and the attorneys were referring (which had been prepared by the assistant state attorney) scored 24 points for the two burglaries of a structure, as the primary offenses at conviction; 4 points for possession of burglary tools, which was scored as an additional offense at conviction; 6 points for a prior burglary, which was scored as prior record; and 5 points for one same category prior. The total was 39 points. The scoresheet reflects (correctly) that the "Recommended Sentence" for all three offenses was "NSP" ("any nonstate prison sanction"), and that the "Permitted Sentence" was "cc/12-22" (community control or 12 to 22 months in state prison). The space provided for "Total Sentence Imposed" reads "44 MO. ST. PRISON + 1 YR PROB" (44 months in state prison, to be followed by a year's probation). Finally, the space provided for "Reasons for Departure" is blank.
According to the sentencing guidelines, "[o]ne guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing." Fla.R.Crim.P. 3.701d.1. It is clear that, under the circumstances presented here, the state correctly prepared one scoresheet for the three offenses charged in the two cases. See Clark v. State, 572 So.2d 1387 (Fla. 1991).
It is likewise clear that, because the guidelines called for either a nonstate prison sentence, community control or 12 to 22 months in state prison for the three offenses but the trial court sentenced appellant to two consecutive 22-month terms in state prison, the second sentence was a departure sentence. "[D]epartures from the presumptive sentences established in the guidelines shall be articulated in writing." Fla.R.Crim.P. 3.701b.6. The written reasons upon which a departure is based must be contemporaneous with the imposition of sentence. Ree v. State, 565 So.2d 1329 (Fla. 1990). Generally, "when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines." Pope v. State, 561 So.2d 554, 556 (Fla. 1990). However, when the appellate court concludes that the trial court was unaware that it was imposing a departure sentence, it should permit the trial court on remand to consider whether a departure sentence is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla. 1989). Accordingly, we must determine whether the record reflects that the trial court was aware that it was imposing a departure sentence.
The trial court did not state on the record that it was aware that the second, consecutive, 22-month sentence was a departure sentence. However, it was clear from the scoresheet that such a sentence would constitute a departure. Moreover, appellant's attorney told the trial court that the maximum guidelines sentence for all three offenses was 22 months in prison. Given the circumstances of this case, we conclude *103 that the trial court was (or should have been) aware that the second sentence would constitute a departure. Accordingly, on remand, the trial court must impose a sentence in the second case which is within the guidelines. Pope, 561 So.2d at 556.
REVERSED and REMANDED, with directions.
ALLEN and WEBSTER, JJ., concur.
JOANOS, C.J., dissents in part with written opinion.
JOANOS, Chief Judge, dissenting in part.
I concur that the appellant must be resentenced. However, the trial court's transcribed comments at sentencing indicate the court did not realize that the imposition of consecutive sentences constituted a departure sentence. Rather, the trial court appeared to consider the sentencing decision as a rejection of the plea agreement. The reason for this rejection was the court's expressed dismay that while appellant was free on bond for burglary of a structure, which burglary had been committed in a manner that evidenced premeditation, appellant committed the second burglary of a structure "in a manner which indicates more than simply amateurish involvement." The trial court then advised:
This Court believes, quite frankly, the 22-month prison sentence is appropriate in case 92-916, because that's the maximum to which I can sentence you. However, I'm not at all inclined to say that you should also receive the benefit of a concurrent sentence in case 92-2535. I don't know what reason you should be entitled to such a break. Certainly you shouldn't be rewarded for having committed another crime during the pendency of this first case.
It is my intention to impose a 22-month prison sentence on case 92-916 on Count I and Count II to run concurrently and to impose court costs in the amount of 260, plus a $30 investigative expense.
But I cannot accept your plea agreement to case 92-2535, which would call for a concurrent 22-month sentence. And I, therefore, must allow you the opportunity to withdraw that plea at this time if you wish to. If you don't wish to withdraw the plea, if you wish to persist and go forward with that plea, then it will be my intention to impose a consecutive prison term to the 22 months I've just imposed.
So I'm going to give you that chance. You need to meet with your attorney, talk to her about what you want to do, and then let me know when you've made a decision. We'll pass this case at this time.
I view the trial court's repeated adjurations to appellant that the court could not accept the state's recommendation for a concurrent sentence, and the court's insistence that appellant discuss with his counsel whether the plea should be withdrawn, as indicative of the trial court's belief that imposition of consecutive sentences for separate offenses constituted a proper sentencing disposition. The record reflects that the trial court's major concern was to accord appellant an opportunity to withdraw his plea, because the court could not accept the state's sentencing recommendation. As the majority recognizes, there was no express reference to a departure sentence during the plea proceedings in this case.
In short, I conclude the circumstances of this case call for application of the rule pronounced in State v. Betancourt, 552 So.2d 1107, 1108 (Fla. 1989). Therefore, upon reversal and remand for resentencing, unlike the majority, I would permit the trial court to consider the propriety of a departure sentence.