ERVIN, Judge.
Appellant, George Byrden, filed an appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), noting three possible errors in the trial court’s revocation of Byrden’s community control. Appellant claimed there was insufficient evidence that he violated community control, that the trial court failed to set forth the specific grounds for revocation in the final order, and that the court erred in imposing $220 in court costs. We affirm the court’s revocation, as there was sufficient evidence that appellant willfully violated two conditions of his community control. We reverse, however, in regard to appellant’s second and third issues.
*140 Because the final order revoking community control did not state the two specific grounds for revocation enumerated at the hearing — that appellant was away from his residence without permission seven times, and that he failed to submit to a urinalysis — we remand the cause with directions to the trial court to enter a written order which conforms with the court’s oral pronouncements at the hearing. Dantler v. State, 584 So.2d 198, 199 (Fla. 1st DCA 1991).
Regarding appellant’s third issue, statutorily mandated costs may be imposed on a defendant without providing actual notice by oral pronouncement at the time of sentencing. State v. Beasley, 580 So.2d 139 (Fla.1991). The $20 cost for the Crimes Compensation Trust Fund is statutorily mandated under Section 960.20, Florida Statutes (1989), and was included in the judgment form, so there is no error in regard to this amount.
Although the $200 felony cost is statutorily mandated under Section 27.-3455(l)(a), Florida Statutes (1989), this assessment appears only on the uniform commitment to custody form. Such form was executed by the deputy clerk and merely witnessed by the trial judge; therefore, it cannot be characterized as an order of the court. There is no authority that would permit a deputy clerk to modify the sentence imposed by the trial court. Accordingly, we direct that the assessment of the $200 felony court cost be struck from the uniform commitment to custody form.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
MINER, J., and SHIVERS, Senior Judge, concur.