640 So.2d 163 (1994)
Harry A. ROCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1449.
District Court of Appeal of Florida, Fifth District.
July 29, 1994.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
GOSHORN, Judge.
Upon consideration of appellee's motion for rehearing, we withdraw our opinion issued May 13, 1994 and issue the following opinion in its stead.
In this criminal appeal, Harry A. Rocker raises several issues regarding the fees and costs assessed following his plea. First, he argues that the trial court erred by imposing costs pursuant to sections 960.20, 943.25 and 27.3455, Florida Statutes (1991) on a per count, rather than a per case basis. This court has squarely addressed the issue of section 27.3455 fees in Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994). In Hollingsworth, we reversed the trial court and held that the clear language of section 27.3455(1) mandates that costs are to be imposed per case and not per count. Applying a similar analysis to section 960.20 and section 943.25, we hold that those costs likewise must be imposed per case and not per count. Accordingly, the duplicative costs are stricken.
We reject, however, Rocker's remaining points on appeal. Rocker asserts that he was not given adequate notice to dispute the amount of the public defender's lien and local court costs, and further, that the court was required to determine his ability to pay the court costs before their imposition. However, the record reflects that the fees and costs were part of his plea agreement, and thus, notice and a hearing were unnecessary. See Aira v. State, 583 So.2d 419 (Fla. 5th DCA 1991) (finding that it is proper to impose a public defender's lien without notice or an opportunity to be heard where defendant stipulated to the amount of the fee), quashed on other grounds, 593 So.2d 1049 (Fla. 1992).
As corrected, Rocker's judgment of conviction is affirmed.
AFFIRMED.
HARRIS, C.J., and COBB, J., concur.