643 So.2d 1191 (1994)
Bobby Lee SPRUILL, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-2095.
District Court of Appeal of Florida, Fifth District.
October 21, 1994.
*1192 James B. Gibson, Public Defender, Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Steven J. Guardiano, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Bobby Lee Spruill, Sr., appeals the trial court's order which revoked his probation and placed him on two years community control followed by probation. We affirm the order revoking Spruill's probation, but we modify certain conditions of his probation and community control, reverse some of the fees and costs assessed against Spruill, and remand this cause to the trial court for further proceedings.
Spruill was convicted of organized fraud and 132 counts involving theft and fraudulent sale of securities and investments. Spruill was sentenced to a split sentence of fifteen years imprisonment followed by probation. As a condition of probation, he was ordered to pay $1,700,000 in restitution to his victims at the rate of $17,000 per month.
Upon his release from prison, pursuant to an informal arrangement with his probation officer, Spruill began paying $50 per month in restitution which, based upon his income, was within his ability to pay; however, after his probation officer allowed Spruill to move to Tennessee to be with his son, Spruill failed to continue to make the $50 monthly payments. Spruill claimed that he could not make these payments because he only worked for his son for room and board.
The trial court revoked Spruill's probation, finding that, although he could not pay the $17,000 monthly restitution payments, Spruill had not made a good faith effort to meet his obligation of restitution to the best of his financial ability. On appeal, Spruill challenges this ruling; however, the evidence is clear that Spruill had the ability to pay $50 per month restitution but failed to do so. The trial court, therefore, correctly concluded that Spruill did not make a good faith effort to meet his obligation to the best of his financial ability. See Stephens v. State, 630 So.2d 1090, 1091 (Fla. 1994) (citing Bearden v. Georgia, 461 U.S. 660, 672-73, 103 S.Ct. 2064, 2072-73, 76 L.Ed.2d 221 (1983)).
Spruill additionally challenges the special conditions of his community control and probation which require him to remain in Marion County, Florida, unless permission is granted otherwise by the state attorney's office. The record reflects that Spruill's failure to make the $50 monthly restitution payments began when his probation officer allowed him to move to Tennessee and, thus, the trial court did not abuse its discretion in shifting control of Spruill's movements from his probation officer to the state attorney's office.
Spruill also objects to the special condition requiring him to find and maintain employment for 60 hours per week. On the *1193 authority of Johnson v. State, 636 So.2d 792 (Fla. 5th DCA 1994), and Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993), we modify special conditions 30, 31, and 32 of the community control order, and conditions 29, 30, and 32 of the probation order, to require that:
You shall work faithfully at suitable employment insofar as possible; and, if you are working less than 60 hours per week, you shall seek further employment as directed by the probation officer.
We specifically approve of the requirement that Spruill work at least 60 hours per week on the authority of Robbins v. State, 641 So.2d 939, 19 Fla. L. Weekly D1838 (Fla. 5th DCA 1994), where we stated:
Paying the restitution may require [the probationer] to work beyond an eight hour day and give up some creature comforts but this extra effort is made by many law abiding citizens to educate their children or to enjoy nonessentials. Restitution should at the very least enjoy the same priority as nonessential items... .
Robbins, 641 So.2d at 939, 19 Fla. L. Weekly at D1839. In this regard, Spruill has not shown that he cannot make the extra effort of working 60 hours a week. As in Therrien v. State, 637 So.2d 288, 290 (Fla. 5th DCA 1994), rev. denied, No. 83,983 (Fla. Aug. 30, 1994), "[w]e prefer to leave in place the incentive for [Spruill] to make as much of the restitution as [he] can  leaving the burden on [him], if challenged, to prove that [he] has paid all that [he] can."
The trial court erred, however, in imposing fines and costs for counts 136-38 because the state nol-prossed these counts and Spruill did not agree to pay any fines or costs for these counts. The trial court also erred in imposing mandatory court costs on a per-count rather than a per-case basis. See Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994). See also Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994). Accordingly, we strike the fines and costs for counts 136-38 and the mandatory court costs for all counts beyond the first count.
As modified, AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.