651 So.2d 1258 (1995)
Paul Anthony HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3480.
District Court of Appeal of Florida, First District.
March 14, 1995.
*1259 Nancy A. Daniels, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Thomas Falkinburg, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Of the four issues raised by Paul Anthony Hunter in his appeal challenging his convictions for possession of a short-barrelled shotgun and firearm with an altered serial number, we affirm the first three without comment. We reverse, however, as to the fourth, claiming error in the imposition of costs on a per-count rather than per-case basis.
At sentencing, the trial judge orally sentenced appellant on the first count to five years of imprisonment and "[s]tatutory fee and costs of $259.00," and on the second count to one year and "statutory fee and costs of $[132].50." The written order as to Count I on costs states the following: $50 pursuant to section 960.20, Florida Statutes (Supp. 1992) (Crimes Compensation Trust Fund), $3 pursuant to section 943.25(3), Florida Statutes (1991) (Criminal Justice Trust Fund), $2 pursuant to section 943.25(13), Florida Statutes (Criminal Justice Education by Municipalities and Counties), $200 pursuant to section 27.3455, Florida Statutes (1991) (Local Government Criminal Justice Trust Fund), $2 Law Library and $2 Gulf Coast Criminal Justice Assessment, for a total of $259. As for the second count, $50 was imposed pursuant to section 960.20, $3 pursuant to section 943.25(3), $2 pursuant to section 943.25(13), $50 pursuant to section 27.3455, $25 for additional court costs, $.50 Law Library and $2 Gold Coast Criminal Justice Assessment, for a total of $132.50.
As to appellant's contention that he did not receive notice of the state's intention to have costs imposed, we disagree. Statutorily mandated costs may be imposed on a defendant without providing actual notice by oral pronouncement at the time of sentencing. Byrden v. State, 622 So.2d 139, 140 (Fla. 1st DCA 1993). This is because publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions. State v. Beasley, 580 So.2d 139, 142 (Fla. 1991). Thus, it cannot be said in the instant case *1260 that appellant did not have adequate notice of all of the statutory costs imposed on him, i.e., those taxed pursuant to sections 960.20, 943.25 and 27.3455. As for the imposition of costs for the Law Library and Gulf Coast Criminal Justice Assessment, these costs were part of a special act relating to Bay County which was published in the Laws of Florida. Therefore, appellant had adequate notice of them as well. Ch. 69-835, § 7, at 106, Laws of Fla.; Ch. 89-521, § 7(1)(a), at 405, Laws of Fla.
Turning next to the question of whether the court erred by exacting the costs on a per-count rather than a per-case theory, appellant cites Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994), and Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994), which hold that costs levied under sections 960.20, 943.25 and 27.3455 must be imposed on a per-case basis. See also Wallace v. State, 637 So.2d 385 (Fla. 5th DCA 1994); Spruill v. State, 643 So.2d 1191 (Fla. 5th DCA 1994).
The state replies that this court should not follow Hollingsworth because Hollingsworth's charges, although occurring on separate days, were nevertheless charged in a single information. If we were to accept the state's argument, costs could lawfully be approved for crimes occurring on different dates; however, the crimes in the instant case all occurred on one date and were properly charged in one information. In any event, the Hollingsworth decision does not focus upon the language in the charging document, but rather is based on the wording of section 27.3455(1), i.e., "there shall be imposed as a cost in the case" (emphasis added), and the rule of construction that ambiguous penal statutes should be construed in favor of the accused. Based on the above statutory language and the Hollingsworth decision, we direct that all costs imposed under section 27.3455(1) as to the second count be vacated.[1]
The same analysis applies to the costs assessed under section 960.20. This statute, as does section 27.3455(1), provides: "[T]here shall be imposed as an additional cost in the case ... the sum of $20." Thus, we also strike the costs taxed pursuant to section 960.20 as to the second count. See Rocker, Wallace and Spruill.
Regarding the costs levied under subsections 943.25(3) and (13), the Hollingsworth analysis is less compelling, because neither of the above subsections states that costs should be directed on a per-case basis. Rather, subsection (3) permits the courts to exact $3 "against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance," and subsection (13) authorizes "[m]unicipalities and counties ... [to] assess an additional $2 for expenditures for criminal justice education degree programs and training courses." Despite the obvious difference in the wording between sections 27.3455, 960.20 and 943.25, the Fifth District has held in Rocker and Spruill that costs under section 943.25 can only be ordered on a per-case theory. The Fifth District in Wallace, however, held that costs may be levied on a per-count basis. Thus, conflict on this issue exists in the Fifth District, and no other district has ruled on it. Considering the interpretation placed on the cost statutes in Hollingsworth and the rule requiring liberal construction of penal statutes in favor of the accused, we follow Rocker and strike the duplicative costs for the second count, but certify our conflict with Wallace.
In regard to the assessment of costs for the Law Library, the act provides: "There is levied a fee of two dollars ($2), for each civil case or suit or proceeding filed in the circuit court of Bay County ... . and a fee of fifty cents (50c) is levied on all criminal cases filed in [county] court." Ch. 69-835, § 7, at 106, Laws of Fla. Based on this language, we apply the Hollingsworth analysis and strike the costs exacted for the benefit of the Law Library under the second count. We do the same as to the costs required for the Gulf Coast Criminal Justice Assessment Center, as that act provides that *1261 $2 shall be assessed "against every person." Ch. 89-521, § 7(1)(a), at 405, Laws of Fla.
In conclusion, we affirm appellant's convictions and sentence for the first count, but reverse and remand the sentence for the second count with directions to strike the duplicative costs imposed as part of that sentence.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Even though the statute could be read as allowing costs for a felony and misdemeanor conviction in the same case, such fact-pattern was before the Hollingsworth court, and it concluded that costs should only be imposed for the felony conviction.