PER CURIAM.
Jeffery Eidson (Eidson) committed grand theft on October 4, 1990, for which he was sentenced to twenty-two months in prison, followed by probation. Eidson violated his probation and now appeals his postviolation-of-probation sentence. We affirm in part and reverse in part.
The trial judge orally sentenced Eid-son to one year in the county jail followed by two years’ probation, consecutive to any sentence Eidson presently is serving.[1] No sentencing order appears in the record; the record however includes a probation order imposing three years’ probation, with the special condition that Eidson spend the first 364 days in the county jail. We therefore remand for entry of a written sentencing order that conforms to the court’s oral pronouncement of one year in the county jail *248 followed by two years’ probation. Armstead v. State, 612 So.2d 623, 624 (Fla. 1st DCA 1993) (“[I]t is a settled rule of law that oral pronouncement of sentence prevails over the written judgment and sentence form.”). We also remand for correction of the probation order by deleting the special condition that 364 days be served in the county jail, and for reduction of the term of probation from three years to two years, commencing upon the expiration of Eidson’s jail sentence.
Eidson in addition is entitled to credit for “jail time actually served.” Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993). He is not entitled to gain time, provisional credits, or administrative gain time however.[2] Id. (Credit for time served “does not include ‘provisional credits’ or ‘administrative gain time’ which is used to alleviate prison overcrowding and is not related to satisfactory behavior while in prison”; furthermore, chapter 89-531, which became effective on October 1, 1989, “now serves to forfeit any gain time previously earned.”); ch. 89-531, §§ 13, 19, Laws of Fla.; § 948.06(6), Fla.Stat. (1989).
We thus remand for consistent proceedings.
ERVIN, WOLF and LAWRENCE, JJ., concur.

. The oral sentence includes previously imposed conditions, including restitution, not at issue here.

. Eidson committed his original crime, grand theft, after the October 1, 1989 effective date of a gam-time-forfeitmg law. Ch. 89-531, §§ 13, 19, Laws of Fla.