JOANOS, Judge.
Appellant, Phyllis Ann Stephens, appeals the per count cost assessments, and one of the sentences imposed upon her plea of no contest to three charges. We reverse and remand for correction of the sentence and the cost assessments.
Appellant was charged in a three-count information with committing a third-degree felony, a first-degree misdemeanor, and a *313 second-degree misdemeanor; all offenses were committed on November 30, 1993. At sentencing, the trial court adjudicated guilt as to all three counts. The court imposed the maximum permitted sentence of 3½ years as to the count one third-degree felony, and imposed a sentence of one year as to each misdemeanor, all sentences to be served concurrently. The trial court orally imposed “statutory fee and costs of $261.00” as to the felony, and statutory fee and costs of $134.00 as to each misdemeanor. The written “Charges/Costs/Fees” documents assess costs separately for each count.
The state recognizes that the costs issue was addressed by this court in Hunter v. State, 651 So.2d 1258 (Fla. 1st DCA 1995). Since the Hunter opinion was released after the sentencing proceeding in this case, the trial court did not have the benefit of the rule announced in that ease. In Hunter, this court held that statutory costs must be assessed on a per ease, rather than a per count, basis. Therefore, the duplicative costs assessed as part of the sentences for counts two and three must be stricken. “Additional Court Costs” in the amount of $25.00 also were imposed as part of the sentence for counts two and three, but not as to count one. Since no statutory authority was provided for imposition of this cost, it, too, must be stricken, unless authorized by statute. If, upon remand, reference is made to statutory authority to support the $25.00 “Additional Court Costs,” the cost may be assessed on a per case basis.
The state also recognizes that appellant was charged with, and pled no contest to, the second-degree misdemeanor of driving while license was suspended. Since the maximum penalty for a second-degree misdemeanor is 60 days, see § 775.082(4)(a) and (b), Fla.Stat. (1993), the one-year sentence imposed on this count must be reversed.
Accordingly, we affirm appellant’s convictions, but remand this cause with directions to strike the duplicative costs imposed as part of counts two and three, to furnish statutory authority for the Additional Court Cost or strike that assessment, and to correct the judgment and sentence imposed as to the count charging a second-degree misdemeanor.
BOOTH and BENTON, JJ., concur.