669 So.2d 1113 (1996)
Justice Anthony NEAL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-4298, 95-2911.
District Court of Appeal of Florida, First District.
March 19, 1996.
*1114 Nancy A. Daniels, Public Defender; Alisa Smith, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Patrick Martin, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In these two consolidated direct criminal appeals, appellant raises four issues: (1) whether the consecutive sentences imposed by the trial court impermissibly exceeded the maximum sentence permitted by the guidelines; (2) whether the trial court impermissibly imposed a $4.00 cost for the law library and a $2.00 cost for the Gulf Coast Criminal Justice Assessment; (3) whether the trial court impermissibly imposed costs on a per-count basis; and (4) whether the trial court impermissibly imposed a public defender's lien without advising appellant of his right to contest its amount. We affirm the imposition of costs associated with the law library and the Gulf Coast Criminal Justice Assessment. In all other respects, we reverse.
As the state correctly concedes, the maximum permitted guidelines sentence for the offenses of which appellant had been convicted is 4½ years. Therefore, the two consecutive sentences imposed which, together, add up to 5½ years, must be vacated, and the cases remanded for resentencing within the guidelines. Kelly v. State, 616 So.2d 100 (Fla. 1st DCA 1993).
The state correctly argues that it was not error to impose costs attributable to the law library and the Gulf Coast Criminal Justice Assessment, as those costs were established by a special act which was published in the Laws of Florida. Ch. 69-835, § 7, at 106, Laws of Fla.; ch. 89-521, § 7, at 405, Laws of Fla. See Hunter v. State, 651 So.2d 1258 (Fla. 1st DCA 1995). However, the state concedes that it was error to assess costs on a per-count basis. E.g., Renaud v. State, 660 So.2d 408 (Fla. 1st DCA 1995); Hunter, 651 So.2d at 1260. Accordingly, on remand, the trial court is directed to assess costs on a per-case basis only.
This court has repeatedly reversed a public defender's lien imposed without informing the defendant of the right to contest its amount. E.g., Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995); L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), review denied, 624 So.2d 268 (Fla.1993). Accordingly, the imposition of a public defender's lien is vacated. On remand, a lien may again be imposed, provided that appellant is given notice and an opportunity to contest its amount.
In summary, we vacate the sentences, costs and public defender's lien imposed, and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.