673 So.2d 881 (1996)
Conrad Elliott DENNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1245.
District Court of Appeal of Florida, First District.
April 16, 1996.
*882 Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Patrick Martin, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant was convicted of burglary of a structure, was declared an habitual offender and sentenced to eight years in prison. On appeal, he challenges his assignment to the Fourth Judicial Circuit's "career criminal court," which the Fourth Circuit established by Administrative Order No. 88-21 pursuant to Florida Rule of Judicial Administration 2.050(e)(2). Specifically, appellant argues that the court constituted a full-fledged "division" that, under article V, Section 20(c)(10) of the Florida Constitution, could not be established by administrative order, but required a "local rule approved by the supreme court." We disagree and affirm.
The Florida Supreme Court has already addressed this matter, approving the establishment by administrative order of the Fourth Circuit's career criminal court:
This matter is before the Court on Petition for Review of an Administrative Order pursuant to Florida Rule of Judicial Administration 2.050(e)(2). The Court rejects the recommendation of the Local Rules Advisory Committee that Administrative Order 88-21, In Re: Career Criminal Project and Creation of Division CR-F, promulgated by the Honorable John E. Santora, former Chief Judge of the Fourth Judicial Circuit, is a local rule rather than a valid administrative order. Order 88-21 does not establish a "division" of the circuit court that must be established by local rule approved by this Court in accordance with article V, section 20(c)(10) of the Florida Constitution. Rather, the order merely creates a section of the circuit court's criminal division, a matter we conclude is within the broad administrative authority of the chief judge.
In Re: Administrative Order of the Fourth Judicial CircuitNo. 88-21 (Career Criminal Project), No. 81,017 (Fla. Mar. 11, 1993).
We are aware that this holding of the supreme court is found in an unpublished order. However, we reject appellant's contention that this is a sufficient basis to ignore the order in favor of the Fourth District's recent holding in Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995). Although Hartley holds that a judicial circuit must establish an habitual offender court by local rule rather than by administrative order, we are unable to ascertain whether and to what extent the administrative order by which the Fifteenth Judicial Circuit sought to establish its habitual felony division is similar to Administrative Order No. 88-21. In short, we find Hartley unpersuasive in light of the supreme court's holding on this specific issue.
AFFIRMED.
ERVIN, MINER and LAWRENCE, JJ., concur.