PER CURIAM.
The appellant asserts the following errors in challenging his robbery conviction and habitual felony offender sentence: (1) the trial court erroneously denied his motion for new trial that was based upon the jury’s courtroom viewing of a videotape of the alleged crime that had been admitted into evidence while a bailiff and an alternate juror were present during the viewing; (2) the trial court erroneously denied his motion for new trial alleging that a juror overheard prosecution witnesses discuss their testimony outside the courtroom; (3) the trial court erroneously denied his motion to randomly transfer his case out of the Fourth Judicial Circuit’s “career criminal court;” and (4) the trial court erroneously imposed a public defender’s lien and restitution without giving appellant notice of his right to a hearing to contest the amounts.
The first two issues are without merit, and we affirm without further elaboration. Affir-mance as to the third issue is mandated by our decision in Dennis v. State, 673 So.2d 881 (Fla. 1st DCA 1996). As to the fourth issue, we must vacate the amounts imposed for the public defender’s lien and for restitution. See Brown v. State, 672 So.2d 57 (Fla. 1st DCA 1996) (public defender’s hen); Norman v. State, 659 So.2d 722 (Fla. 1st DCA 1995) (restitution). These amounts may be reimposed on remand, provided that appehant is given notice and an opportunity to be heard.
AFFIRMED and REMANDED, with directions.
MINER, ALLEN and LAWRENCE, JJ., concur.