PER CURIAM.
The appellant, Charles Edward Dunmore, challenges his conviction and habitual felony offender sentence for burglary, raising the following issues: (1) whether the trial court erred in denying his motion to suppress physical evidence; (2) whether the trial court erroneously permitted the prosecution to elicit prior consistent hearsay statements; (3) whether the trial court erred in denying his motion to randomly transfer his case; and (4) whether the trial court impermissibly imposed a public defender’s lien without advising him of his right to contest its amount. We affirm as to the first two issues without elaboration, and only address the latter two issues.
Appellant’s motion to randomly transfer his case was based upon a challenge to the manner in which the Fourth Judicial Circuit established its “career criminal court.” We addressed this identical issue in Dennis v. State, 673 So.2d 881 (Fla. 1st DCA 1996), where we rejected the argument now asserted by appellant.
Concerning the imposition of the public defender’s lien, this court has consistently vacated such liens where, as here, the appellant was not given notice of his right to a hearing to contest the amount. See Brown v. State, 672 So.2d 57 (Fla. 1st DCA 1996); Neal v. State, 669 So.2d 1113 (Fla. 1st DCA 1996); Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995). On remand, a lien may again be imposed, provided that appellant is given notice and an opportunity to contest its amount. Accordingly, we vacate the public defender’s lien and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED with directions.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.