PER CURIAM.
Stanton Larry Hamer (Hamer) appeals the sentence imposed following the revocation of his probation. We affirm the revocation of his probation and sentence imposed thereon, but remand for correction of certain errors in the written order of revocation.
First, the trial court erred in failing to conform its written sentencing order to its oral pronouncement at the sentencing hearing. Eidson v. State, 667 So.2d 247 (Fla. 1st DCA 1995). The trial court orally sentenced Hamer to six years imprisonment with credit for jail time, as well as credit for all time previously served and unforfeited gain time.[1] When the written order issued, however, it made no mention of credit for gain time or for time previously served in prison. We remand with directions to correct the written revocation order to reflect the sentence orally pronounced.
Second, the written order contains an apparent scrivener’s error regarding the amount of restitution left unpaid. The order indicates the restitution obligation is $24,-094.43, while the civil judgment filed against Hamer lists the balance as $23,998.43, an amount supported by the record. On remand, the written order must be corrected to reflect such amount.
Hamer’s arguments pertaining to various scoresheet errors have not been, preserved for appellate review. See Taylor v. State, 601 So.2d 540 (Fla.1992)(sentencing errors requiring resolution of factual matters not contained in record cannot generally be raised for first time on appeal).
Accordingly, we affirm Hamer’s sentence in all respects, but remand the written revocation order with directions to amend it consistent with this opinion.
AFFIRMED and REMANDED, with directions.
ALLEN, MICKLE and LAWRENCE, JJ., concur.

. This case is controlled by State v. Green, 547 So.2d 925 (Fla.1989).