The Honorable Cory J. Ciklin County Court Judge Palm Beach County Courthouse West Palm Beach, Florida 33401
Collection of statutory costs when cases consolidated
Dear Judge Ciklin:
You have asked substantially the following question:
May a defendant who is charged with multiple offenses arising from the same incident be charged the costs assessed in section 27.3455, Florida Statutes, for each separate case number when the cases have been consolidated for prosecution?
In sum:
In instances where multiple offenses are assigned separate case numbers, but are consolidated for prosecution, the costs assessed in section 27.3455, Florida Statutes, are to be assessed for prosecution of the single consolidated case and may not be imposed for each separate case number.
Section 27.3455(1), Florida Statutes (1996 Supp.), provides:
"When any person pleads nolo contendere to a misdemeanor or criminal traffic offense under s. 318.14(10)(a) or pleads guilty or nolo contendere to, or is found guilty of, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as a cost in the case, in addition to any other cost required to be imposed by law, a sum in accordance with the following schedule:
(a) Felonies. . . . . . . . . . . . . . . . . . . . .$200
(b) Misdemeanors. . . . . . . . . . . . . . . . . . .$50
(c) Criminal traffic offenses. . . . . . . . . . . . .$50"
(e.s.)
In Hollingsworth v. State,[1] the Fifth District Court of Appeal addressed whether the costs authorized by section 27.3455(1), Florida Statutes (1996 Supp.), were to be imposed on a per-count or a per-case basis. Recognizing that the language in the statute was ambiguous and susceptible to two interpretations, the court chose the interpretation beneficial to the defendant, that the cost be imposed on a per-case basis.
Subsequent cases addressing similar questions have followed the conclusion in Hollingsworth to find that statutory costs, such as the fees assessed for the Crimes Compensation Trust Fund in section 960.20(1), Florida Statutes, are to be imposed on a per-case, rather than a per-count, basis.[2]
In this instance, however, you question whether the consolidation of cases affects the imposition of statutory costs. Rule 3.151, Florida Rules of Criminal Procedure, allows for the consolidation of related offenses. The rule provides that two or more offenses are related if they are triable in the same court and are based on the same act or transaction or on two or more acts or transactions.[3] Two or more indictments or informations charging related offenses may be consolidated for trial upon a timely motion by the defendant or the state and, thereafter, the procedure "shall be the same as if the prosecution were under a single indictment or information."[4]
Thus, the rule recognizes that when multiple offenses are consolidated they are treated as one case for prosecution. Applying the rationale of Hollingsworth that statutory costs may be imposed on a per-case basis, the statutory costs may only be imposed for the prosecution of the one consolidated case and not upon the multiple offenses that have been assigned individual case numbers.
Accordingly, it is my opinion that in the prosecution of multiple offenses that have been consolidated in one case, the costs authorized by section 27.3455(1), Florida Statutes (1996 Supp.), may be imposed only on the single consolidated case and not on each offense that has been charged.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] 632 So.2d 176 (Fla. 5th DCA 1994).
[2] See, Hunter v. State, 651 So.2d 1258 (Fla. 1st DCA 1995) and Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994). See also, Op. Att'y Gen. Fla. 96-38 (1996) (additional costs authorized in s. 960.20, Fla. Stat., assessed on a per-case, rather than a per-count basis).
[3] Rule 3.151(a), Fla.R.Crim.P. See, Fotopoulos v. State,608 So.2d 784 (Fla. 1992), rehearing denied, certiorari denied,508 U.S. 924 (1992) (connected acts or transactions must be connected in episodic sense).
[4] Rule 3.151(b), Fla.R.Crim.P.