PER CURIAM.
The state charged appellant with four separate violations of section 322.212, Florida Statutes (1999) because he possessed false driver’s licenses and identification cards. Appellant argues that this should have resulted in only one conviction because the statute prohibits “any” forged driver’s license or identification card.
In State v. Watts, 462 So.2d 813 (Fla.1985), the defendant had been convicted of two counts for possessing two weapons at the same time, under a statute which prohibited possession of “any” weapon. Holding that a statute which uses the article “any” is ambiguous and must therefore be construed favorably to the defendant, our supreme court determined that possession of more than one prohibited item at the same time constitutes only one offense. We agree with appellant that Watts applies and reverse for appellant to be convicted and sentenced on only one count.
In addition, the state concedes that appellant was erroneously sentenced to more than one year of time served for posses *409 sion of drug paraphernalia. We have considered the other issues raised and find them to be without merit.
Reversed in part and affirmed in part.
POLEN, C.J., KLEIN and HAZOURI, JJ., concur.