886 So.2d 280 (2004)
Preston Henry LONG, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3451.
District Court of Appeal of Florida, First District.
November 10, 2004.
Nancy A. Daniels, Public Defender; John R. Alfino, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Preston Henry Long, raises two sentencing claims in this direct appeal from his judgment upon violating probation. The State concedes error on both points, and we reverse and remand for resentencing.
The State initially charged appellant with one count of burglary, one count of sexual battery, and one count of false imprisonment. Appellant pled guilty to the sexual battery and false imprisonment counts and was placed on probation. After appellant's third violation of probation, the trial court sentenced him to two-and-a-half years' imprisonment on both counts and to five years' probation on the sexual battery count. Upon his release from prison, appellant began to serve a period of five years' probation on the sexual battery count. As to the false imprisonment count, appellant had already served all the time required of him. The State then charged appellant with violating the terms of his probation on the sexual battery count. At a probation revocation hearing, the trial court made oral findings that appellant had materially violated certain terms of his probation and sentenced him to ten years' imprisonment with credit for all time previously served. However, the judgment sentenced appellant to ten years' imprisonment on both counts, rather than just the count of sexual battery. Appellant's probation revocation order was silent as to the terms of probation he had violated.
*281 Appellant filed a timely notice of appeal, and then filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging that the trial court erred in sentencing him to a term of incarceration on the false imprisonment count and that the trial court erred in failing to make written findings in the order revoking appellant's probation. Because the trial court did not rule on appellant's 3.800(b)(2) motion within sixty days, the motion is deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B); Fla. R.App. P. 9.140(f)(6)(A); Robinson v. State, 850 So.2d 658, 660 (Fla. 1st DCA 2003). On appeal, appellant again raises both issues addressed in his rule 3.800(b)(2) motion.
Appellant's first issue on appeal, as set forth in his rule 3.800(b)(2) motion, is that the trial court erred by sentencing him on the false imprisonment count, which was not charged in the Affidavit of Violation and for which appellant had already served his sentence. Clearly, this was error which must be remedied upon remand by resentencing appellant only on the count for which he was still on probation. Cf. Fryson v. State, 559 So.2d 377, 378 (Fla. 1st DCA 1990) (citations omitted).
Appellant's second issue on appeal is that the trial court's written order revoking his probation is legally deficient because it failed to state the conditions of probation that appellant had violated. We agree and, therefore, reverse and remand. See Williams v. State, 604 So.2d 8, 9 (Fla. 1st DCA 1992) ("Written sentencing documents, including probation orders, must conform to the trial court's oral pronouncements."); see also Hamer v. State, 682 So.2d 1221, 1221 (Fla. 1st DCA 1996); Byrden v. State, 622 So.2d 139, 140 (Fla. 1st DCA 1993); Dantler v. State, 584 So.2d 198, 198 (Fla. 1st DCA 1991) (holding that the trial court's formal written order finding a probationer in violation of the terms and conditions of probation must conform to the oral pronouncements at the revocation hearing and sentencing) (citations omitted). On remand, the Order of Revocation shall be amended to conform to the trial court's oral pronouncements made during the hearing regarding the conditions of probation appellant had violated.
Accordingly, on account of these conceded sentencing errors, we REVERSE and REMAND for resentencing and amendment of the Order of Revocation. Appellant need not be present when the trial court corrects these errors. See Lee v. State, 826 So.2d 457, 457 (Fla. 1st DCA 2002).
ERVIN, PADOVANO and LEWIS, JJ., concur.