SAWAYA, J.,
dissenting.
There are many reported decisions addressing the issue of imposition of costs per case versus per count in criminal cases. Of all these decisions, the majority can point to only one that holds imposition of costs per count is appropriate, and it is the one-paragraph decision in Wallace v. State, 637 So.2d 385 (Fla. 5th DCA 1994), which the majority calls an aberration. If we discard Wallace, as the majority suggests and as I think we should, then the majority opinion takes its place as the only decision to apply costs per count. I do agree that the Legislature does have the prerogative to require that costs be imposed per count by clearly expressing that intent in the text of the statute, but it certainly did not do so when it enacted sections 938.08, 938.085, and 938.10, Florida Statutes (2006). In examining the three statutes at issue, I will identify the applicable rule of statutory construction, discuss the majority’s definitional analysis, and then turn to the relevant case law to support my conclusion that costs under these three statutes should be imposed per case.

Rule of Strict Statutory Construction

Sections 938.08, 938.085, and 938.10, Florida Statutes (2006), require mandatory imposition of costs and surcharges (for ease of discussion, I will refer to them simply as costs) and require payment be made a condition of probation or community control with no consideration given to the defendant’s indigence or ability to pay. See State v. Beasley, 580 So.2d 139, 142 (Fla.1991). Sections 938.08 and 938.085 are specifically intended to impose costs “in addition to any sanction,” and section 938.10(1) imposes costs “in addition to any other cost or penalty.” The courts have held that similar costs statutes in criminal cases are penal statutes and must be strictly interpreted in favor of the defendant when they are ambiguous. As this court explained in Hollingsworth v. State, 632 So.2d 176, 177 (Fla. 5th DCA 1994):
Where the state seeks to impose a criminal statutory penalty against a criminal defendant and the statute is ambiguous and susceptible of two interpretations, one to the detriment of the defendant and one to the benefit of the defendant, the court is required to use the interpretation that is to the benefit of the defendant. See § 775.021(1), Fla. Stat. (1991); Scates v. State, 603 So.2d 504 (Fla.1992); Lambert v. State, 545 So.2d *278 838 (Fla.1989); State v. Jackson, 526 So.2d 58 (Fla.1988); Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992). We hold, therefore, that costs imposed pursuant to § 27.3455(1), Fla. Stat. (1991), are to be imposed per case and not per count.
Similarly, in Hunter v. State, 651 So.2d 1258, 1260 (Fla. 1st DCA 1995), the court held that costs shall be imposed per case based on the “rule of construction that ambiguous penal statutes should be construed in favor of the accused.” Id. at 1260 (discussing Hollingsworth), accord Winter Park Imps., Inc. v. JM Family Enters., 66 So.3d 336, 340 (Fla. 5th DCA 2011) (“Because the statute is penal in nature, it must be strictly construed in favor of the one against whom the penalty is imposed and is never to be extended by construction.”); Damien v. State, 743 So.2d 611, 612 (Fla. 5th DCA 1999) (“Penal Statutes must be strictly construed.”).
Strict construction first requires analysis of the statutes to determine if legislative intent to impose costs per count or per case is clearly expressed in the text. If it is, the statutes must generally be applied as written according to that intent. Therefore, resort to the text of the statutes is necessary:
938.08 Additional cost to fund programs in domestic violence. — In addition to any sanction imposed for a violation of s. 784.011, s. 784.021, s. 784.03, s. 784.041, s. 784.045, s. 784.048, s. 784.07, s. 784.08, s. 784.081, s. 784.082, s. 784.083, s. 784.085, s. 794.011, or for any offense of domestic violence described in s. 741.28, the court shall impose a surcharge of $201. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision_
938.085 Additional cost to fund rape crisis centers. — In addition to any sanction imposed when a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, a violation of s. 784.011, s. 784.021, s. 784.03, s. 784.041, s. 784.045, s. 784.048, s. 784.07, s. 784.08, s. 784.081, s. 784.082, s. 784.083, s. 784.085, or s. 794.011, the court shall impose a surcharge of $151. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision.
938.10 Additional court cost imposed in cases of certain crimes.—
(1) If a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, any offense against a minor in violation of s. 784.085, chapter 787, chapter, 794, s. 796.03, s. 800.04, chapter 827, s. 847.0145, or s. 985.701, the court shall impose a court cost of $101 against the offender in addition to any other cost or penalty required by law.
I have highlighted the parts of the statutes that will be specifically discussed later. I do not see a clear expression of legislative intent to impose costs either per case or per count. In my view, the statutes are, as the trial judge, Judge Lambert, described them, “poorly worded” and ambiguous. Therefore, the statutes should be strictly construed in favor of the defendant and a per-case application employed. The majority’s use of the definitions of “a” and “any,” where, I note, “any” has been held to be ambiguous, proves the point.

The Majority’s Definitional Analysis

The majority opinion rests on the definition of the word “a” in the phrase “a violation” in sections 938.08 and 938.085 and the definition of the word “any” in the phrase “any offense” in section 938.10. Although not noted by the majority, the term “any offense” is also found in section *279 938.08. The majority defines the word “a” as “one, a certain, a particular” and defines the term “any” as “one, a, an, or some” and then simply concludes that per count is the proper expression of legislative intent, with no analysis. However, it is also important that all words and provisions be considered in determining the meaning of a statute. See Montgomery v. State, 897 So.2d 1282, 1286 (Fla.2005); Thompson v. State, 695 So.2d 691, 692 (Fla.1997); T.R. v. State, 677 So.2d 270, 271 (Fla.1996). Therefore, although ignored by the majority, consideration must be given the word “or” that is used in each statute. But first I will discuss the majority’s definition of “a” and “any.”
The word “a” is defined by the majority as singular meaning one, so that is the definition I will apply. However, as to the term “any,” the courts hold that because of its definition, “any” is ambiguous when used in a statute, and they resolve the ambiguity in favor of the defendant. In the recent case of Bell v. State, 122 So.3d 958, 958 (Fla. 2d DCA 2013), for example, the court construed section 790.23(1), Florida Statutes (2011), which prohibited possession of “any firearm, ammunition, or electric weapon or device....” (Emphasis added). In holding that the statute was ambiguous, the court explained:
The statute does not define “any”; however, the word “any” is generally defined as “one, some, every, or all without specification.” American Heritage Dictionary of the English Language 81 (4th ed. 2000). Thus, by definition the word “any” is linguistically ambiguous. In the face of this ambiguity, we are required to construe the statute in the manner most favorable to Bell [the defendant] ....
Id. at 961 (citation omitted); accord Dicks v. State, 840 So.2d 408, 408 (Fla. 4th DCA 2003) (“[A] statute which uses the article ‘any’ is ambiguous and must therefore be construed favorably to the defendant....” (applying the holding in State v. Watts, 462 So.2d 813 (Fla.1985))). Therefore, use of the term “any” should be strictly construed to mean per case and not per count.
Now for the definition of “or.” In each statute, “or” is preceded by a comma and is placed just before the last listed statute. It has been established for quite some time that
“[t]he legislature is presumed to know the meaning of words and the rules of grammar, and the only way the court is advised of what the legislature intends is by giving the generally accepted construction, not only to the phraseology of an act, but to the manner in which it is punctuated.”
State v. Bodden, 877 So.2d 680, 685 (Fla.2004) (quoting Fla. State Racing Comm’n v. Bourquardez, 42 So.2d 87, 88 (Fla.1949)). The word “or” is defined as “an alternative, usually only before the last term of a series.” Webster’s II New Riverside University Dictionary 826 (1984). That is also how the courts define the term. For example, in Sparkman v. McClure, 498 So.2d 892 (Fla.1986), the court stated that “the word ‘or’ is generally construed in the disjunctive when used in a statute or rule. The use of this particular disjunctive word in a statute or rule normally indicates that alternatives were intended.” Id. at 895 (citations omitted). “Alternative” is defined as “one or the other of two things; giving an option or choice; allowing a choice between two or more things or acts to be done.” Black’s Law Dictionary 103 (rev. 4th ed. 1968) (citing Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926)); see also Webster’s II New Riverside University Dictionary 96 (1984) (defining “alternative” to mean “one of a number of things from which one must be chosen”). Thus, by including the word *280 “or” preceded by a comma in the three costs statutes, the Legislature intended that costs be imposed for violation of only one listed statute.
Utilizing the majority’s definition of “a” and the definition of “or,” it becomes clear that “a violation” means “one violation,” and “or” means only one listed statute in each cost statute. Hence, the costs statutes could reasonably be read to mean that costs should be imposed for one violation of only one of the listed statutes. In other words, costs should be imposed under each cost statute per case, not per count. Moreover, other provisions within the statutes reveal that application per case is an appropriate and reasonable interpretation. For example, all three costs statutes specifically refer to “a surcharge,” meaning “one surcharge” or “a cost,” meaning “one cost.” The statutes also refer to “the surcharge” or “the cost,” indicating that there is to be one imposition per case. If the Legislature intended multiple impositions per count, it could have easily said so by stating “the surcharges” or “the costs” in the plural rather than the singular.
Even if the majority opinion could be construed as also providing a reasonable interpretation, and I submit it does nothing more than simply cite two definitions and draw a conclusion without any analysis, the statutes are ambiguous, requiring application of the per-case rule. State v. Huggins, 802 So.2d 276, 277 (Fla.2001) (“Ambiguity suggests that reasonable persons can find different meanings in the same language.” (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452 (Fla.1992))); Wallace v. State, 724 So.2d 1176, 1180 (Fla.1998) (“[T]he statute is ambiguous and susceptible to different interpretations.”); McGrill v. State, 82 So.3d 130, 132 (Fla. 4th DCA 2012) (“A statute is ambiguous if reasonable people could find different meanings from the same language.”); McGhee v. State, 847 So.2d 498, 503 (Fla. 4th DCA 2003) (“A penal statute is ambiguous if reasonable people can offer different, but reasonable, interpretations.”); Hunter; Hollingsworth.

The Case Law

As previously indicated, there are numerous cases construing costs statutes in criminal cases, and they hold that costs must be imposed per case rather than per count. In Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994), for example, this court construed a cost statute similar to the three under review. That statute was section 943.25(3), Florida Statutes (1991), which provided that “[a]ll courts created by Art. V of the State Constitution shall, in addition to any fine or other penalty, assess $3 as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance.” § 943.25(3), Fla. Stat. (1991). Based on the “clear language” of the statute, this court held that the costs “must be imposed per case and not per count.” Rocker, 640 So.2d at 163. Shortly after this court decided Rocker, it rendered its decision in Spruill v. State, 643 So.2d 1191, 1193 (Fla. 5th DCA 1994), wherein this court, citing Rocker, held that “[t]he trial court also erred in imposing mandatory court costs on a per-count rather than a per-case basis.” In Hunter, the First District Court reviewed the same statute and held that this court in Rocker and Spruill correctly held that costs in criminal cases should be applied per case rather than per count. Hunter, 651 So.2d at 1260-61.
The cases just discussed also demonstrate that the mandatory nature of costs statutes, like section 943.25(3) and the three costs statutes under review, does not mean that the costs must be imposed for each count. The decision in Reyes v. *281 State, 655 So.2d 111 (Fla. 2d DCA 1995), superseded, by statute on other grounds as recognized in Waller v. State, 911 So.2d 226, 227 (Fla. 2d DCA 2005), which is discussed in the majority opinion, does not address the issue of imposition of costs per case or per count; rather, it simply discusses the procedure that should be followed in imposing mandatory costs.
Many other cases interpreting similar costs statutes in criminal cases state the per-case application as a general rule or simply reverse the order imposing costs per count and remand for entry of an order imposing costs per case. See Stickles v. State, 44 So.3d 653, 654 (Fla. 1st DCA 2010) (“Generally, costs may be imposed per case and not per count.”); Webster v. State, 705 So.2d 970, 971 (Fla. 2d DCA 1998) (“In addition, statutory costs must be assessed per case, not per count.”); Van Vorous v. State, 696 So.2d 1317, 1318 (Fla. 1st DCA 1997) (“[T]he court erred in imposing all remaining costs separately for each count of the information and should have imposed the costs only once for the entire case.”); Seeker v. State, 674 So.2d 853, 853 (Fla. 1st DCA 1996) (“Because the trial court imposed costs on a per count basis, however, we strike the duplicative costs.”); Neal v. State, 669 So.2d 1113, 1114 (Fla. 1st DCA 1996); Stephens v. State, 667 So.2d 312, 313 (Fla. 1st DCA 1995); Smith v. State, 661 So.2d 378, 378 (Fla. 1st DCA 1995) (“[C]osts must be imposed on a per-case basis.”); Renaud v. State, 660 So.2d 408, 408 (Fla. 1st DCA 1995); Nguyen v. State, 655 So.2d 1249, 1249 (Fla. 1st DCA 1995).
I see nothing in the three costs statutes that would prevent the instant case from taking its place in the line of cases just mentioned applying the per-case rule. And I find nothing in the majority opinion that justifies making this case the exception.

Conclusion

I conclude that the costs statutes under review are ambiguous and should be strictly construed to apply per case and not per count. If the Legislature intended that these statutes require mandatory imposition per count of additional costs and penalties on defendants, many of whom are indigent, and that payment be made a condition of probation without consideration of the defendant’s ability to pay, I think the Legislature would have clearly said that imposition of the costs is per count when it enacted the statutes, and it did not. I would reverse the judgment under review and remand for entry of a judgment imposing the costs per case. I, therefore, respectfully dissent.