IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RONALD DAVID MENDENHALL,

      Appellant,

 v.                                 Case No.  5D17-812

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 19, 2018

Appeal from the Circuit Court
for Brevard County,
James H. Earp, Judge.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

We affirm the judgment and sentence rendered by the trial court after Appellant's

violation of probation trial because we conclude that the arguments raised by Appellant

in this appeal are without merit. We note that the trial court's written order terminating

Appellant's probation is deficient because it fails to state the conditions of probation that

the trial court orally found that Appellant had violated. *Long v. State*, 886 So. 2d 280, 281 (Fla. 1st DCA 2004). However, this error has not been preserved for appellate review because Appellant did not object at trial or raise this specific issue in the Florida Rule of Criminal Procedure 3.800(b)(2) motion that he filed in this case. *See Jones v. State*, 898 So. 2d 209, 209 (Fla. 2d DCA 2005) (finding that the trial court's error in failing to specify in its written revocation order the conditions of probation that it orally found the defendant had violated was properly preserved for review by the defendant's filing a motion to correct sentence pursuant to rule 3.800(b)(2)). Lastly, we remind trial courts that the court minutes from trial, listing the conditions of probation orally found by the court to have been violated by a defendant, as was done here, is not a substitute for a proper revocation order because court minutes and the minute book entries are specifically excluded from the definition of a court order. *See* Fla R. App. P. 9.020(f).

Accordingly, the judgment and sentence are affirmed without prejudice to Appellant filing a motion for postconviction relief.

AFFIRMED, without prejudice.

PALMER and WALLIS, JJ., concur.