632 So.2d 176 (1994)
Lonnie L. HOLLINGSWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1815.
District Court of Appeal of Florida, Fifth District.
February 11, 1994.
James B. Gibson, Public Defender and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Appellant, Lonnie L. Hollingsworth, appeals the imposition of $200 in costs for each of the two felony counts in his criminal case pursuant to § 27.3455(1), Fla. Stat. (1991). We reverse and remand to the trial court.
Hollingsworth was arrested and charged with three offenses which were consolidated into one criminal information. He was charged with robbery,[1] battery on a person 65 years of age or older[2] and petit theft.[3] The problem is that the robbery occurred on 7 December 1992 and the battery and the petit theft occurred on 8 September 1992. Except for being filed together, the charges are in no way related. Hollingsworth agreed to a plea bargain with the state and entered a plea of nolo contendere to all of the charges. He does not contest the plea agreement of the sentence imposed. At the conclusion of his plea to the offenses, the judge *177 imposed costs of $200 per felony count in his case. Hollingsworth opposed the imposition of more than $200 in costs for his felony case. The state argues that the costs are required by statute.
At issue is the interpretation of § 27.3455(1) which reads in part:
When any person pleads ... nolo contendre ... to any felony ..., there shall be imposed as a cost in the case, in addition to any other cost required to be imposed by law, a sum in accordance with the following schedule:

 (a) Felonies . . . . . . . . . . . . . . . . . . $200.
 (b) Misdemeanors . . . . . . . . . . . . . . . . $ 50.

Does this statute authorize the imposition of $200 in costs per felony count, as the state argues, or $200 per case regardless of the number of felony counts, as Hollingsworth argues? The only Florida case that addresses the imposition of these costs did so in dicta. In Leonard v. State, 546 So.2d 463 (Fla. 4th DCA 1989), Leonard appealed the imposition of costs or the requirement that he perform 240 hours of community service. The Fourth District reversed and remanded the case because the statutory authority that allowed for community service had been deleted and no hearing had been afforded Leonard to determine the reasonableness of the costs or his ability to pay. The district court did not specifically address the method of imposition of costs, but opined that costs should be imposed "per felony count." Id. at 464.
The state cites federal authority, similar to the Florida statute, upholding the imposition of costs per count instead of per case. 18 U.S.C. § 3013 (Supp. II 1984); see U.S. v. McGuire, 909 F.2d 440 (11th Cir.1990); U.S. v. Pagan, 785 F.2d 378 (2nd Cir.), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). In each case, the federal courts have interpreted the federal statute to mean that costs are incurred for each conviction or count and not for each case. The federal courts have held that since costs are incurred for each prosecution, the defendant should not be allowed a windfall because the crimes or counts were consolidated for trial or for disposition.
The plain reading of the Florida statute, however, does not support the state's argument. The statute reads that $200 "shall be imposed as a cost in the case, in addition to any other cost." § 27.3455(1), Fla. Stat. (1991) (emphasis supplied). The language is clear that the cost is per case and not per count or per felony conviction as the state argues. In the case sub judice, this argument is supported by the fact that the trial court did not impose any cost for the misdemeanor offense. If the purpose is to impose and collect funds from defendants for their misdeeds, as the state argues, then costs should have been imposed for all charges pending. The statute is inartfully drafted and there is ambiguity. The statute could have been written in language like the language in Rule 2.110, Fla.R.Jur.Admin., which deals with the imposition of costs for violations of municipal ordinances. The rule reads "The costs shall be assessed as a set dollar amount per conviction, not to exceed $50" (emphasis supplied). There the intent is clear that the costs are per conviction and not per case. Rule 2.110 is much more like the federal statute in McGuire, 909 F.2d 440, and Pagan, 785 F.2d 378, than § 27.3455 is.
Where the state seeks to impose a criminal statutory penalty against a criminal defendant and the statute is ambiguous and susceptible of two interpretations, one to the detriment of the defendant and one to the benefit of the defendant, the court is required to use the interpretation that is to the benefit of the defendant. See § 775.021(1), Fla. Stat. (1991); Scates v. State, 603 So.2d 504 (Fla. 1992); Lambert v. State, 545 So.2d 838 (Fla. 1989); State v. Jackson, 526 So.2d 58 (Fla. 1988); Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992). We hold, therefore, that costs imposed pursuant to § 27.3455(1), Fla. Stat. (1991), are to be imposed per case and not per count. The imposition of felony costs above $200 in the judgment and sentence is error. The case is reversed and remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
HARRIS, C.J., and DIAMANTIS, J., concur.
NOTES
[1] § 812.13(2)(c), Fla. Stat. (1991).
[2] § 784.08, Fla. Stat. (1991).
[3] § 812.014(1) & (2)(d), Fla. Stat. (1991).