DANAHY, Judge.
The appellant challenges the sentence imposed upon him after he pled no contest to two counts of simple battery and one count of resisting an officer without violence. The appellant was sentenced to two consecutive years of probation for the battery charges, and we find no flaw in that aspect of the sentence. However, we agree with the appellant that a fine and certain costs imposed upon him as conditions of probation are improper.
The cost of $2 for the criminal justice education fund under section 943.25(13),' Florida Statutes (1995), is a discretionary cost and may not be imposed without oral notification to the defendant. The state concedes that this item was not orally pronounced at sentencing.
The fine of $500 pursuant to section 775.0835, Florida Statutes (1995), must be stricken because it was imposed without notice and without findings required by the statute. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Additional costs under section 27.3455(1) are determined by the offense lev *874 el and can be levied only per case and not per count. Thus, for his two misdemeanors, the appellant may be assessed only $50. See Faulk v. State, 661 So.2d 65 (Fla. 2d DCA 1995).
For the foregoing reasons, we strike the fíne and costs listed above as being improper in this case. We also correct a scrivener’s error in the judgment and sentence which describes the “degree of crime” as “F” when it should be “M.”
With these changes in the judgment and sentence, we affirm.
RYDER, A.C.J., and FRANK, J., concur.