679 So.2d 314 (1996)
Raul Zapanta RAFAEL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3887.
District Court of Appeal of Florida, First District.
August 20, 1996.
Nancy A. Daniels, Public Defender; Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Raul Zapanta Rafael appeals from a judgment and sentence entered after being found guilty of escape and disorderly conduct. He raises five points on appeal: (1) whether his absence from the bench during the exercise of jury challenges constitutes reversible error; (2) whether the trial court erred in limiting the cross-examination of a prosecution witness; (3) whether the sentence imposed for disorderly conduct exceeds the maximum sentence provided by statute; (4) whether the trial court erred in imposing conditions of probation not orally pronounced at sentencing; and (5) whether the charges, costs and fees were improperly assessed on a per count, rather than on a per case, basis, and included costs for which no statutory authority was cited. We affirm in part, and reverse and remand in part.
By his first issue, appellant asserts that he is entitled to a new trial because he was not physically present at a bench conference during which jury challenges were exercised. Appellant's trial took place before release of the opinion in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). Accordingly, we conclude that Coney is inapplicable. Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996). Appellant has failed to demonstrate *315 that his rights were violated pursuant to the rule which preceded that announced in Coney. Francis v. State, 413 So.2d 1175 (Fla.1982). We therefore affirm appellant's convictions on this issue. However, as in Lett, we certify the following question of great public importance:
DOES THE DECISION IN CONEY V. STATE, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), APPLY TO "PIPELINE CASES," THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR OTHERWISE NOT YET FINAL WHEN THE OPINION WAS RELEASED?
We find no merit as to issues two and four and affirm without further discussion. As to issue three, although the sentence imposed of 216 days' time served on the disorderly conduct conviction does not extend appellant's actual incarceration, it is an improper sentence insofar as it exceeds the maximum statutory term of 60 days' incarceration for a second-degree misdemeanor offense. See sections 877.03, 775.082(4)(b), Florida Statutes (1993). We therefore remand for correction of the judgment and sentence to reflect a sentence imposed within the statutory maximum for this offense.
Finally, the record contains two written "Charges/Costs/Fees" documents assessing costs separately for each count. Costs levied under sections 960.20, 943.25, and 27.3455, and costs assessed for the Law Library and for Gulf Coast Criminal Justice Assessment, are to be imposed on a per case, rather than a per count, basis. See Hunter v. State, 651 So.2d 1258 (Fla. 1st DCA 1995); Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994); Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994). Accordingly, we reverse and remand the sentence for Count II with directions to strike these duplicative costs imposed as a part of that sentence. Also, upon remand, the court shall cite the statutory authority relied upon as support for the assessment of the amounts imposed for Law Library and Gulf Coast Criminal Justice Assessment. See Nguyen v. State, 655 So.2d 1249 (Fla. 1st DCA 1995). In addition, the $25.00 assessed as "Additional Court Cost" in Count II must be stricken because no statutory authority was cited to support this cost. See Watson v. State, 667 So.2d 955 (Fla. 1st DCA 1996). On remand, the court may reimpose this cost if it cites the statutory authority for that assessment. See Stephens v. State, 667 So.2d 312 (Fla. 1st DCA 1995); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994).
In all other respects, the judgments and sentences are affirmed.
AFFIRMED IN PART; REVERSED and REMANDED with directions.
MINER and WEBSTER, JJ., concur.