PER CURIAM.
This is an appeal from a judgment and sentence entered after a revocation of the defendant’s community control. We find no error in the revocation or the sentence imposed by the trial court but we must remand for the correction of several related procedural errors. The trial court erred in imposing $300.00 in court costs on each count because the imposition of that cost is not supported by statutory authority, Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994); the court erred in imposing all remaining costs separately for each count of the information and should have imposed the costs only once for the entire case, Hunter v. State, 651 So.2d 1258 (Fla. 1st DCA 1995); the court erred in ordering the defendant to make a monthly payment to First Step during the probationary period of his new sentence, because the authority for this payment did not exist at the time of the commission of the offense; and the court erred in delegating the establishment of the payment schedule to the probation officer, because that is a judicial responsibility and not a supervisory function appropriate for a probation officer. Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993).
We also note that the trial court failed to prepare a new probation order for the probationary period of the defendant’s sentence. On remand the trial court must enter a written probation order and correct the above referenced errors in the costs imposed as a condition of probation.
ALLEN, WEBSTER and PADOVANO, JJ., concur.