705 So.2d 970 (1998)
Roy WEBSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03940.
District Court of Appeal of Florida, Second District.
January 28, 1998.
James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
*971 BLUE, Acting Chief Judge.
Roy Webster appeals his convictions and sentences for two counts of aggravated assault. Webster raises eight issues on appeal, however only the two issues relating to his sentences have merit. With regard to the remaining issues, we affirm Webster's convictions without further discussion.
Webster was sentenced as a habitual felony offender under section 775.084, Florida Statutes (1995), to ten years' imprisonment with a mandatory minimum of five years for each count, with the sentences to run concurrently. In addition, he was ordered to pay a fine under section 775.083, Florida Statutes (1995), of $10,000 ($5000 per count), and to pay court costs of $600 ($300 per count). Webster asserts the $10,000 fine is not statutorily authorized when assessed in addition to a habitual felony offender sentence. He further asserts the $600 in costs must be stricken because the court did not cite any statutory authority for imposing these costs in either its oral pronouncement or written sentence, and in any event, costs must be assessed per case not per count.
Fines imposed pursuant to section 775.083 are authorized when assessed "in addition to any punishment described in s. 775.082." § 775.083(1). However, there is no comparable authorization in either section 775.083 or section 775.084 that would allow a fine to be assessed in addition to punishment imposed under section 775.084, the habitual offender statute. In King v. State, 681 So.2d 1136 (Fla.1996), the supreme court stated:
Both imprisonment under section 775.082 and a fine under section 775.083 may be imposed for a single offense because section 775.083 specifically provides that "[a] person who has been convicted of an offense other than a capital felony may be sentenced to pay a fine in addition to any punishment described in s. 775.082." § 775.083(1), Fla. Stat. (1989); * * * * However, nothing in section 775.084 authorizes that sentencing be imposed under that statute in addition to the punishment described in section 775.082.
King, 681 So.2d at 1139-40. The court went on to find that a sentencing judge may impose either a habitual offender sentence or a guidelines sentence, but not both. See id. at 1140.
On that basis, the trial court had no statutory authority to sentence Webster to both a habitual offender sentence under section 775.084 and a fine under section 775.083. The legislature has not specifically authorized the imposition of a fine in addition to a habitual offender sentence in the same way that it has authorized a fine to be imposed in addition to a guidelines sentence. Without explicit statutory authority, imposing both a fine and a habitual offender sentence exceeds the maximum sentence authorized by statute, and therefore constitutes an illegal sentence. As such, the $10,000 fine imposed by the trial court must be stricken.
The court also imposed $600 in costs without identifying any statutory authority in its oral pronouncement or written sentence. While a trial court may impose mandatory court costs without orally announcing the statutory authority at the sentencing hearing, the written order must reflect the statutory authority upon which the costs are imposed. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); see also Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996). In addition, statutory costs must be assessed per case, not per count. See Mills v. State, 672 So.2d 873 (Fla. 2d DCA 1996); Rafael v. State, 679 So.2d 314 (Fla. 1st DCA 1996), approved, 688 So.2d 335 (Fla.1997). Because the court failed to include the proper statutory authority for the assessment of costs in its written sentencing order, the $600 for costs must be stricken.
Webster's convictions are affirmed, and his sentences are reversed in part and remanded to the trial court to strike the $10,000 fine and $600 costs.
Affirmed in part, reversed in part, and remanded to correct the sentences.
NORTHCUTT, J., and FICARROTTA, GASPER J., Associate Judge, concur.