*654
 
 PER CURIAM.
 

 Stephen Ray Stickles appeals his convictions and sentences for first degree murder and for fleeing or attempting to elude a law enforcement officer in an agency vehicle at high speed. We affirm in all respects, except as to the trial court’s imposition of costs and fees for the latter conviction.
 

 The state initially charged Stickles separately and the cases were numbered 2007CF002942A (first degree murder) and 2007CF002943A (fleeing or attempting to elude). Later, the state consolidated the cases for trial pursuant to Florida Rule of Criminal Procedure 3.151(b). As part of sentencing, the court imposed identical statutory costs and fees for each case number although there was but one trial. The trial court reasoned that notwithstanding consolidation for trial, the two cases remained separate and costs could be assessed accordingly.
 

 Generally, costs may be imposed per case and not per count.
 
 See Rafael v. State,
 
 679 So.2d 314, 315 (Fla. 1st DCA 1996);
 
 Hunter v. State,
 
 651 So.2d 1258, 1260-61 (Fla. 1st DCA 1995);
 
 Hollingsworth v. State,
 
 632 So.2d 176, 177 (Fla. 5th DCA 1994). But here we have consolidated “cases.” The wording of rule 3.151(b) indicates that when separately charged offenses are consolidated for prosecution, one case is effectively created and it is handled as such until the criminal proceedings conclude. The rule states: (Emphasis added.) Thus the charges against Stickles essentially became two counts within one case, and costs and fees could only be assessed once.
 
 Cf. Op. Atty. Gen. Fla.
 
 97-20 (1997) (relying on
 
 Holl-ingsworth
 
 to conclude that “[i]n instances where multiple offenses are assigned separate case numbers, but are consolidated for prosecution, the costs assessed in section 27.3455, Florida Statutes, are to be assessed for prosecution of the single consolidated case and may not be imposed for each separate case number”). We therefore affirm Stickles’ conviction for fleeing or attempting to elude a law enforcement officer but reverse the sentence and remand to the trial court to strike the statutory costs and fees imposed. We affirm his conviction and sentence for first degree murder.
 

 Two or more indictments or informa-tions charging related offenses shall be consolidated for trial on a timely motion by a defendant or by the state.
 
 The procedure thereafter shall be the same as if the persecution were under a single indictment or information.
 
 Failure to timely move for consolidation constitutes a waiver of the right to consolidation.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 HAWKES, C.J., PADOVANO and MARSTILLER, JJ, concur.