ORFINGER, J.
Chapter 938, Florida Statutes, includes several sections that require the imposition of mandatory costs or surcharges when an individual is convicted of certain specified crimes. Among these statutes are section 938.08, Florida Statutes (2006), which imposes a $201 surcharge; section 938.085, Florida Statutes (2006), which imposes a $151 surcharge; and section 938.10(1), Florida Statutes (2006), which imposes a $101 court cost. For ease of discussion, they will be collectively referred to as “costs.” The issue presented here is whether these costs are imposed for each case or for each count.
Brenton McNeil pled nolo contendere to three counts of sexual battery of a child under the age of twelve by a person under the age of eighteen in violation of section 794.011(2), Florida Statutes (2006), which requires costs to be imposed under sections 938.08, 938.085, and 938.10; and one count of lewd or lascivious molestation in violation of section 800.04(5), Florida Statutes (2006), which requires costs to be imposed under section 938.10. The court imposed costs for each of the four convictions, resulting in costs of $603 pursuant to section 938.08, $453 pursuant to section 938.085, and $404 pursuant to section 938.10(1). On appeal, McNeil contends that the trial court erroneously assessed the costs per count, instead of per case.[1] We disagree, and affirm.
Legislative intent is the polestar that guides our analysis regarding statutory interpretation. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 367 (Fla.2013); Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003); Patel v. State, 141 So.3d 1239, 1243 (Fla. 5th DCA 2014). To discern legislative intent, we begin with the statute’s plain and obvious meaning. Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007); Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 5 (Fla.2004); State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). When the statutory language is “clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” Holly, 450 So.2d at 219 (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)); see Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla.1960) (“[T]he legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended.”). Thus, the statute’s text is the most reliable and authoritative expression of the Legislature’s in *276 tent, and we must look to the plain and obvious meaning of the text of the statutes to determine whether costs should be imposed for each case or for each count.
While we have previously addressed the imposition of costs per count or per case under various statutes, we have not always been consistent. In Hollingsworth v. State, 632 So.2d 176, 176-77 (Fla. 5th DCA 1994), the trial court imposed costs against the defendant pursuant to section 27.3455(1), Florida Statutes (1991), per count. In reversing, we properly looked to the wording of the statute, and held that its language, requiring costs to be assessed “in the case,” mandated that costs were imposed per case and not per count. Id. at 177. In Wallace v. State, 637 So.2d 385, 385 (Fla. 5th DCA 1994), relying on Hollingsworth, we held that court costs were to be assessed per case under section 27.3455(1), Florida Statutes (1991), and section 960.20, Florida Statutes (1991), which similarly required additional costs to be imposed “in the case.” However, we affirmed the assessment of costs pursuant to section 943.25, Florida Statutes (1991), on a per count basis, although that statute required costs to be assessed against “every person” convicted of specified crimes. Id. Just a month later, in Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994), citing Hollingsworth, but ignoring Wallace, we struck the costs assessed on a per count basis under sections 27.3455(1) ahd 943.25. Based on the wording of those statutes, we think Hollingsworth and Rocker were correctly decided and Wallace was an aberration. See Hunter v. State, 651 So.2d 1258 (Fla. 1st DCA 1995) (recognizing conflict between Rocker and Wallace, and electing to follow Rocker and Hollingsworth).
“Statutory costs that are truly ‘mandatory’ must be imposed in every judgment against every defendant convicted of a similar offense.” Reyes v. State, 655 So.2d 111, 116. (Fla. 2d DCA 1995), superseded by statute on other grounds as recognized in Waller v. State, 911 So.2d 226, 227 (Fla. 2d DCA 2005). Sections 938.08, 938.085, and 938.10(1), Florida Statutes (2006), provide:
938.08 Additional cost to fund programs in domestic violence. — In addition to any sanction imposed for a violation of ... s. 794.011, ... the court shall impose a surcharge of $201. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision....
938.085 Additional cost to fund rape crisis centers. — In addition to any sanction imposed when a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, a violation of ... s. 794.011, the court shall impose a surcharge of $151. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision....
938.10 Additional court cost imposed in cases of certain crimes.—
(1) If a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, any offense against a minor in violation of ... chapter 794 ..., s. 800.04 ..., the court shall impose a court cost of $101 against the offender in addition to any other cost or penalty required by law.
By the plain language of these statutes, sections 938.08 and 938.085 require costs to be assessed for “a violation” of an enumerated statute, while section 938.10 requires assessment of costs for a nolo con-tendere or guilty plea to “any offense” enumerated in the statute. We believe the use of the words “a” and “any” in these statutes indicates the Legislature’s intent to impose costs for each offense.
In discerning a statute’s plain meaning, a court “looks first to the terms’ *277 ordinary definitions,” which may be “derived from dictionaries.” Metro. Cas. Ins. Co. v. Tepper, 2 So.3d 209, 214 (Fla.2009) (citing Merriam-Webster’s Collegiate Dictionary to determine common meaning of statutory term). The dictionary definition of “a” is “one, a certain, a particular.” The Random House Dictionary of the English Language 1 (1969 unabridged ed.). The definition of “any” is “one, a, an, or some.” Id. at 68. These definitions support the conclusion that the costs mandated in sections 938.08, 938.085, and 938.10 are assessed per count and not per case. Accordingly, given the text of these statutes, we believe the trial court was correct in assessing these costs on a per count rather than a per case basis. If the Legislature believes that we have misinterpreted these statutes, it can certainly clear it up. However, until and unless that happens, we must discern legislative intent from the plain words used, and not resort to rules of construction unless we find an ambiguity exists. Here, we find no such ambiguity. For these reasons, we affirm the trial court’s order.
AFFIRMED.
PALMER, J., concurs.
SAWAYA, J., dissents with opinion.

. McNeil filed a timely motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), thereby, preserving this issue.