PER CURIAM.
Bryan Ray Dixon appeals his convictions for lewd or lascivious molestation of a victim less than twelve years of age (sections 800.04(5)(a) and (b), Florida Statutes (2014)) and lewd or lascivious conduct by soliciting a victim less than twelve years of age (sections 800.04(6)(a)(2) and (b), Florida Statutes (2014)). Dixon argues his convictions for both lewd or lascivious molestation and lewd or lascivious conduct violated his right of freedom from double jeopardy. As to this issue we affirm without further discussion. Dixon additionally appeals the trial court’s assessment of costs under section 938.10, Florida Statutes (2014), per count, rather than per case.
Dixon argues the trial court should have assessed costs per case. When he was sentenced, Dixon was ordered to pay mandatory surcharges of $151, pursuant to section 938.085, Florida Statutes (2014); $201, pursuant to ■ section 938.08, Florida Statutes (2014); and $303, pursuant to section 938.10, Florida Statutes (2014). The trial court imposed costs per case under sections 938.08 and 938:085. However, costs under section 938.10 were imposed per count. Dixon filed a motion to correct sentencing error contending, among other things, that the imposition of costs under section 938.10 should have also been imposed per case rather than per'count. The trial court denied the -motion, concluding that costs were properly awarded per count pursuant to McNeil v. State, 162 So.3d 274, 275 (Fla. 5th DGA 2015), revieiv granted, No. SC15-979, 2015 WL 4992394 (Fla. Aug. 18, 2015). We note that the three statutes just mentioned are the same statutes that 'were at issue in McNeil, wherein this court held that the legislature intended the costs under each statute to be imposed per count rather than per case. We affirm pursuant to McNeil.
This court certified the following question to the Florida Supreme Court as a matter of great public importance:
ARE THE COSTS IMPOSED PURSUANT TO SECTIONS 938.085, 938.08, AND 938.10, FLORIDA STATUTES (2006), ASSESSED “PER CASE” OR “PER COUNT”?
McNeil v. State, 163 So.3d 661, 661 (Fla. 5th DCA 2015).
The Florida Supreme Court accepted jurisdiction to review this court’s decision in McNeil. We again certify as a matter of great public importance the same question, but only as to section 938.10. We note that the imposition of costs per case under sections 938.085 and 938.08 has not been raised as an issue in this appeal. We further note that while the certified question in McNeil involved the 2006 version of section 938.10, the pertinent provisions of the 2014 version are essentially the same.
AFFIRMED.
PALMER and EVANDER, JJ., concur.
SAWAYA, J., concurs with opinion.