# Supreme Court of Florida

_____

No. SC15-979
_____

**BRENTON MCNEIL,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[April 13, 2017]

LABARGA, C.J.

This case is before the Court for review of the decision of the Fifth District Court of Appeal in McNeil v. State, 162 So. 3d 274 (Fla. 5th DCA 2015). In a separate opinion, the district court, on a motion to certify the question, certified the following question as one of great public importance:

> ARE THE COSTS IMPOSED PURSUANT TO SECTIONS 938.085, 938.08, AND 938.10, FLORIDA STATUTES (2006), ASSESSED "PER CASE" OR "PER COUNT"?

McNeil v. State, 163 So. 3d 661 (Fla. 5th DCA 2015). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we answer the certified question by holding that sections 938.08, 938.085, and 938.10(1), Florida Statutes

(2006), call for imposition of costs on a per count basis and approve the decision in

McNeil, 162 So. 3d 274.

## FACTS AND PROCEDURAL BACKGROUND

The district court explained the underlying facts as follows:

> Brenton McNeil pled nolo contendere to three counts of sexual battery of a child under the age of twelve by a person under the age of eighteen in violation of section 794.011(2), Florida Statutes (2006), which requires costs to be imposed under sections 938.08, 938.085, and 938.10; and one count of lewd or lascivious molestation in violation of section 800.04(5), Florida Statutes (2006), which requires costs to be imposed under section 938.10. The court imposed costs for each of the four convictions, resulting in costs of $603 pursuant to section 938.08, $453 pursuant to section 938.085, and $404 pursuant to section 938.10(1).

Id. at 275. The trial court imposed costs according to the following 2006 statutes:[1]

> **938.08 Additional cost to fund programs in domestic violence.**—In addition to any sanction imposed for a violation of . . . s. 794.011, or for any offense of domestic violence described in s. 741.28, the court shall impose a surcharge of $201. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision. . . .

> **938.085 Additional cost to fund rape crisis centers.**—In addition to any sanction imposed when a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, a violation of s. 784.011, s. 784.021, s. 784.03, s. 784.041, s. 784.045, s. 784.048, s. 784.07, s. 784.08, s. 784.081, s. 784.082, s. 784.083, s. 784.085, or s. 794.011, the court shall impose a surcharge of $151. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision. . . .

---

1. While portions of these statutes have been amended since 2006, the changes are not relevant to the Court's analysis in this case.

**938.10   Additional court cost imposed in cases of certain crimes against minors.—**

(1)  If a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, <u>any offense</u> against a minor in violation of s. 784.085, chapter 787, chapter <u>794</u>, s. 796.03, s. <u>800.04</u>, chapter 827, s. 847.0145, or s. 985.701, the court shall impose a court cost of $101 against the offender in addition to any other cost or penalty required by law.

(Emphasis added.)  McNeil was sentenced to eight years in prison followed by thirteen years of probation.  He filed an appeal, contending that the trial court erroneously assessed the costs per count, instead of per case.  The Fifth District affirmed, holding that the costs were properly assessed on a per count basis.  <u>McNeil</u>, 162 So. 3d at 277.  The district court concluded that the plain language of these statutes reflects that the Legislature intended to impose costs per count, not per case:

> By the plain language of these statutes, sections 938.08 and 938.085 require costs to be assessed for "<u>a</u> violation" of an enumerated statute, while section 938.10 requires assessment of costs for a nolo contendere or guilty plea to "<u>any</u> offense" enumerated in the statute. We believe the use of the words "a" and "any" in these statutes indicates the Legislature's intent to impose costs for each offense.

<u>Id.</u> at 276.  However, the district court certified for this Court's determination the question of whether the costs under the applicable statutes are to be assessed per count or per case.  <u>McNeil</u>, 163 So. 3d at 662.  This review follows.

- 3 -

## ANALYSIS

### Applicable Law

At issue in this case is whether three statutes contained in chapter 938 impose costs per count or per case. The interpretation of these statutes is a purely legal matter and is subject to the de novo standard of review. See Davila v. State, 75 So. 3d 192, 195 (Fla. 2011). This Court has previously held that when the question of law involves the provisions of a statute, "we must first and foremost endeavor to give effect to the legislative intent underlying that statute . . . ." Florida Parole Com'n v. Spaziano, 48 So. 3d 714, 717 (Fla. 2010). To determine legislative intent, this Court looks first to the plain language of the statute. Montgomery v. State, 897 So. 2d 1282, 1285 (Fla. 2005). When the plain language of the statute is unambiguous and conveys a clear meaning, the statute must be given its obvious meaning. Davila, 75 So. 3d at 195. An unambiguous statute cannot be construed "in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications." Id. at 196. Therefore, we first look to the plain language of the statutes at issue in this case to determine whether they convey a clear and obvious meaning.

### Plain Meaning of Sections 938.08, 938.085, and 938.10(1)

We agree with the district court's conclusion that costs imposed under sections 938.08, 938.085, and 938.10(1), Florida Statutes (2006), should be

assessed per count, not per case. The plain meaning of the language used in these sections—"a violation" and "any offense"—is unambiguous and reflects legislative intent that the costs be imposed for each violation or offense. There can clearly be more than one violation or more than one offense under the same statute for which a defendant is convicted, and there can be multiple violations or offenses combined under a single case, as evidenced by this case. Each violation or offense is, thus, the basis for separate assessment of costs. If the Legislature intended to impose costs per case, it could have expressly done so as it has in other cost statutes. See, e.g., § 938.03(1), Fla. Stat. (2016) ("shall pay as an additional cost in the case"); § 938.05(1), Fla. Stat. (2016) ("shall pay as a cost in the case"); § 938.27(1), Fla. Stat. (2016) ("In all criminal and violation-of-probation cases, convicted persons are liable for payment of the costs of prosecution. . . ."). (Emphasis added.) Section 27.3455, Florida Statutes (1993), which has since been repealed, also contained similar language.[2] The Legislature chose not to include such language in sections 938.085, 938.08, and 938.10(1), Florida Statutes (2006). Instead, the plain language of these statutes mandates that costs be imposed for "a violation of" certain enumerated offenses or "any offense" constituting a violation of certain

---

[2]. "When any person pleads nolo contendere to a misdemeanor or criminal traffic offense . . . there shall be imposed as a cost in the case . . . ." § 27.3455(1), Fla. Stat. (1993) (emphasis added).

enumerated offenses. To construe this language to mean that costs are only to be imposed "per case" modifies the reasonable and obvious meaning of the statutes. As the district court noted, "[i]f the Legislature believes that we have misinterpreted these statutes, it can certainly clear it up. However, until and unless that happens, we must discern legislative intent from the plain words used, and not resort to rules of construction unless we find an ambiguity exists."[3] McNeil, 162 So. 3d at 277.

The dictionary definitions of "a" and "any" also support the conclusion that the costs here should be imposed per count. See L.B. v. State, 700 So. 2d 370, 372 (Fla. 1997) ("[A] court may refer to a dictionary to ascertain the plain and ordinary meaning which the [L]egislature intended to ascribe to the term.") superseded by statute on other grounds as stated in State v. A.M., 765 So. 2d 927 (Fla. 2d DCA 2000). The word "a" is typically "used as a function word before most singular nouns" and is defined as "one," or "any, each." Webster's Third New International Dictionary 1 (1993). The word "any" is defined as "one, no matter what one:

---

3. Although Judge Sawaya provides an insightful statutory construction analysis in his dissent, see McNeil, 162 So. 3d at 277-81 (Sawaya, J., dissenting), the rules of statutory construction are only appropriate when a court is unable to discern the plain meaning of a statute. Fajardo v. State, 805 So. 2d 961, 964 (Fla. 2d DCA 2001). In this case, however, the plain language of each statute is unambiguous and provides that the costs be assessed per count, and therefore, there is no need to resort to the rules of statutory interpretation.

every" or "all." Id. at 97. In the context of the statutes here, "a violation of"

plainly means each violation. In other words, sections 938.08 and 938.085, Florida

Statutes (2006), mandate that a court impose a surcharge for each violation of the

enumerated statutes, in addition to any sanction. Thus, multiple violations would

result in multiple surcharges. Similarly, "any offense" in section 938.10(1),

Florida Statutes (2006), plainly means that costs should be imposed for every

offense that would constitute a violation of one of the enumerated statutes.

McNeil correctly notes that appellate courts have recognized in some cases

that costs should be assessed per case, albeit under different cost statutes. See,

e.g., Rafael v. State, 679 So. 2d 314, 315 (Fla. 1st DCA 1996) ("Costs levied under

sections 960.20 [crimes compensation trust fund], 943.25 [criminal justice trust

fund], and 27.3455, and costs assessed for the Law Library and for Gulf Coast

Criminal Justice Assessment, are to be imposed on a per case, rather than a per

count, basis."); Hunter v. State, 651 So. 2d 1258, 1260 (Fla. 1st DCA 1995)

(noting that section 960.20, Florida Statutes (Supp. 1992), expressly provides

"there shall be imposed as an additional cost in the case . . . ."); Hollingsworth v.

State, 632 So. 2d 176, 177 (Fla. 5th DCA 1994) (holding that a plain reading of

section 27.3455(1), Florida Statutes (1991), calls for costs to be imposed "in the

case"). However, these decisions are not inconsistent with our decision today. As

previously noted, these cases did not involve sections 938.085, 938.08, or 938.10,

Florida Statutes (2006), nor did the disputed statutes in those cases contain the critical language at issue here—"a violation" or "any offense." Rather, the relevant statutes in the decisions relied upon by McNeil use the terms "per case" or "in the case," language that is notably absent in sections 938.085, 938.08, and 938.10, Florida Statutes (2006).

Other decisions cited by McNeil hold generally that costs should be assessed per case, but do so without identifying a specific statute upon which that conclusion is based. For example, in Webster v. State, 705 So. 2d 970 (Fla. 2d DCA 1998), the district court struck costs imposed by the trial court because the trial court had failed to cite any statutory authority for the assessment of the costs. Id. at 971. The district court also stated that "statutory costs must be assessed per case, not per count." Id. However, the case cited as the basis for this general rule, Mills v. State, 672 So. 2d 873, 873-74 (Fla. 2d DCA 1996), was referring to section 27.3455(1), Florida Statutes (1993), which explicitly requires imposition of an additional "cost in the case." See Van Vorous v. State, 696 So. 2d 1317, 1318 (Fla. 1st DCA 1997) (holding that costs should have been imposed only once for the entire case, without discussing the underlying statute upon which those costs were assessed).[4]

_____

4. Van Vorous does, however, cite to Hunter, 651 So. 2d 1258, in reaching its conclusion. As previously discussed, Hunter held that costs imposed under section 960.20, Florida Statutes (Supp. 1992), should be assessed per case based on

McNeil also cites <u>Stickles v. State</u>, 44 So. 3d 653, 654 (Fla. 1st DCA 2010), for the principle that "[g]enerally, costs may be imposed per case and not per count." However, as the State correctly points out, <u>Stickles</u> addressed the issue of costs in two consolidated cases. <u>Id.</u> at 654. Moreover, the costs were assessed pursuant to section 27.3455, Florida Statutes (1993), the same statute that was at issue in <u>Mills</u>, which explicitly provided for the imposition of costs "in the case." Again, in the present case, sections 938.085, 938.08, and 938.10, Florida Statutes (2006), do not provide for the imposition of costs "per case," but instead impose additional costs for "a violation" or "any offense." Therefore, we conclude that the precedent relied upon by McNeil is distinguishable and does not compel a similar result here.

## CONCLUSION

Based on the foregoing, we approve the decision of the Fifth District and hold that sections 938.085, 938.08, or 938.10(1), Florida Statutes (2006), require an imposition of costs per count.

It is so ordered.

LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., dissents with an opinion, in which QUINCE, J., concurs.

---

the plain language of the statute: "[T]here shall be imposed as an additional cost <u>in the case</u> . . . ."

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., dissenting.

I disagree that the cost statutes, sections 938.08, 938.085, and 938.10, are clear and unambiguous. As a result of this ambiguity and in accordance with the longstanding rule that costs are imposed per case, I agree with Judge Sawaya that "costs under these three statutes should be imposed per case." McNeil v. State, 162 So. 3d 274, 277 (Fla. 5th DCA 2015) (Sawaya, J., dissenting). While it is not determinative, I note that the trial judge himself, then-Judge Lambert (now of the Fifth District Court of Appeal) also determined that the statutes are "poorly worded" and ambiguous. Id. at 278.

Judge Sawaya's dissent explains and I agree that, after analyzing the rules of statutory construction, it is obvious that the statutory language of sections 938.08, 938.085, and 938.10 does not include "a clear expression of legislative intent to impose costs either per case or per count," and is, therefore, ambiguous. Id. Of course, the Legislature may enact statutes that require costs to be imposed per count (which then depends, in part, on how many counts are included in the State's information or indictment), but that intention should be made clearly and unambiguously.

In concluding that these statutes clearly reflect the intent to impose separate costs for each count, the majority emphasizes the phrases "a violation" and "any

- 10 -

offense" in the text of the statutes. Majority op. at 4-6. However, using the majority's definitions of "a" and "any" in the singular (meaning "one") could also justify imposing costs on a per case basis because the violations listed under these provisions are separated by the word "or" (meaning "in the alternative"). See McNeil, 162 So. 3d at 279 (Sawaya, J., dissenting); see also Sparkman v. McClure, 498 So. 2d 892, 895 (Fla. 1986) ("[T]he word 'or' is generally construed in the disjunctive when used in a statute or rule. The use of this particular disjunctive word in a statute or rule normally indicates that alternatives were intended." (citations omitted)). As Judge Sawaya explained in his dissent, "by including the word 'or' preceded by a comma in the three costs statutes, the Legislature intended that costs be imposed for violation of only one listed statute." McNeil, 162 So. 3d at 279-80 (Sawaya, J., dissenting). This reading of the statutes is even more reasonable given that provisions for the increased costs in these statutes are singular: "the surcharge," "a surcharge," and "a court cost." Id. at 278 (quoting §§ 938.08, 938.085, 938.10, Fla. Stat. (2006)).

The inherent ambiguity in these statutes is further illustrated by the variance between the text of section 938.10 and the title of that statute: "Additional court cost imposed in cases of certain crimes against minors." § 938.10, Fla. Stat. (2006) (emphasis added). The majority recognizes the variance but does not accord it any statutory significance. Majority op. at 2-3. But see Larimore v. State, 2 So. 3d

101, 112 (Fla. 2008) ("[T]he title of an act is properly considered in determining legislative intent."); Horowitz v. Plantation Gen. Hosp. Ltd. P'ship, 959 So. 2d 176, 182 (Fla. 2007) (citing City of Boca Raton v. State, 595 So. 2d 25, 29 n.3 (Fla. 1992)).

These ambiguities stand against the backdrop, as the majority recognizes but then summarily discounts, of the longstanding rule that "costs are to be imposed per case and not per count." Rocker v. State, 640 So. 2d 163, 163 (Fla. 5th DCA 1994).[5] Because the text of the statutes at issue in this case is ambiguous, especially as it does not demonstrate the Legislature's clear intent to deviate from this longstanding rule, the rule of lenity directs that we construe the statutes most favorably to the defendant. See § 775.021(1), Fla. Stat. (2016); McNeil, 162 So. 3d at 277 (Sawaya, J., dissenting) ("The courts have held that similar cost statutes

---

5. See majority op. at 7 (citing Rafael v. State, 679 So. 2d 314, 315 (Fla. 1st DCA 1996); Hunter v. State, 651 So. 2d 1258, 1260 (Fla. 1st DCA 1995); Hollingsworth v. State, 632 So. 2d 176, 177 (Fla. 5th DCA 1994)); majority op. at 8 (citing Mills v. State, 672 So. 2d 873, 873-74 (Fla. 2d DCA 1996)); see also McNeil, 162 So. 3d at 281 (Sawaya, J., dissenting) (citing Stickles v. State, 44 So. 3d 653, 654 (Fla. 1st DCA 2010); Webster v. State, 705 So. 2d 970, 971 (Fla. 2d DCA 1998); Van Vorous v. State, 696 So. 2d 1317, 1318 (Fla. 1st DCA 1997); Seeker v. State, 674 So. 2d 853, 853 (Fla. 1st DCA 1996); Neal v. State, 669 So. 2d 1113, 1114 (Fla. 1st DCA 1996); Stephens v. State, 667 So. 2d 312, 313 (Fla. 1st DCA 1995); Smith v. State, 661 So. 2d 378, 378 (Fla. 1st DCA 1995); Renaud v. State, 660 So. 2d 408, 408 (Fla. 1st DCA 1995); Nguyen v. State, 655 So. 2d 1249, 1249 (Fla. 1st DCA 1995)).

- 12 -

in criminal cases are penal statutes and must be strictly interpreted in favor of the defendant when they are ambiguous.").

As we recently held in State v. Weeks, 202 So. 3d 1 (Fla. 2016), when a criminal statute is subject to two different interpretations, courts are obliged to apply the rule of lenity. Id. at 8. As we have stated, the rule of lenity requires, "to the extent that definiteness is lacking, a statute must be construed in the manner most favorable to the accused." Perkins v. State, 576 So. 2d 1310, 1312 (Fla. 1991) (citing Palmer v. State, 438 So. 2d 1, 3 (Fla. 1983); Ferguson v. State, 377 So. 2d 709, 711 (Fla. 1979)). Applying the rule of lenity to sections 938.08, 938.085, and 938.10, I am compelled to conclude that the costs created by these statutes shall be assessed per case rather than per count to lessen the burden on the defendant.

Finally, the majority's statement that the Legislature may clarify its intent if the majority's determination is inconsistent with the Legislature's original intent in these statutes is unavailing. See majority op. at 5-6 (quoting McNeil, 162 So. 3d at 277). Such logic could likewise be applied to a decision imposing costs on a per case basis. If this reasoning were persuasive, statutory analysis—conducted under the pretext that if the Court reaches the incorrect conclusion, the Legislature can just "clear it up"—would be meaningless. Majority op. at 6.

Due to the ambiguity arising from the text of the statutes at issue, which is even more evident in comparison to the longstanding rule that costs are imposed per case rather than per count, I would conclude that, pursuant to the rule of lenity, the costs provided for by the statutes at issue should be assessed on a per case basis. If the Legislature intended to depart from this longstanding rule, then it should have made clear its intent to do so in the text of the statutes. For the reasons explained above and consistent with Judge Sawaya's dissent in the case below, I would conclude that the costs provided for in sections 938.08, 938.085, and 938.10 should be assessed per case.

QUINCE, J., concurs.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

 Fifth District - Case No. 5D13-1810

 (Marion County)

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, Florida,

 for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Heidt, Bureau Chief, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, Florida,

 for Respondent