PARIENTE, J.,
dissenting.
I disagree that the cost statutes, sections 938.08, 938.085, and 938.10, are clear and unambiguous. As a result of this ambiguity and in accordance with the longstanding rule that costs are imposed per case, I agree with Judge Sawaya that “costs under these three statutes should be imposed per case.” McNeil v. State, 162 So.3d 274, 277 (Fla. 5th DCA 2015) (Sawaya, J., dissenting). While it is not determinative, I note that the trial judge himself, then-judge Lambert (now of the Fifth District Court of Appeal) also determined that the statutes are “poorly worded” and ambiguous. Id. at 278.
Judge Sawaya’s dissent explains and I agree that, after analyzing the rules of statutory construction, it is obvious that the statutory language of sections 938.08, 938.085, and 938.10 does not include “a clear expression of legislative intent to impose costs either per case or per count,” and is, therefore, ambiguous. Id. Of course, the Legislature may enact statutes that require costs to be imposed per count (which then depends, in part, on how many counts are included in the State’s information or indictment), but that intention should be made clearly and unambiguously-
In concluding that these statutes clearly reflect the intent to impose separate costs for each count, the majority emphasizes the phrases “a violation” and “any offense” in the text of the statutes. Majority op. at 57-59. However, using the majority’s definitions of “a” and “any” in the singular (meaning “one”) could also justify imposing costs on a per case basis because the violations listed under these provisions are separated by the word “or” (meaning “in the alternative”). See McNeil, 162 So.3d at 279 (Sawaya, J., dissenting); see also Sparkman v. McClure, 498 So.2d 892, 895 (Fla. 1986) (“[T]he word ‘or’ is generally construed in the disjunctive when used in a statute or rule. The use of this *61 particular disjunctive word in a statute or rule normally indicates that alternatives were intended.” (citations omitted)). As Judge Sawaya explained in his dissent, “by including the word ‘or’ preceded by a comma in the three costs statutes, the Legislature intended that costs be imposed for violation of only one listed statute.” McNeil, 162 So.3d at 279-80 (Sawaya, J,, dissenting). This reading of the statutes is even more reasonable given that provisions for the increased costs in these statutes are singular: “the surcharge,” “a surcharge,” and “a court cost.” Id. at 278 (quoting §§ 938.08, 938.085, 938.10, Fla. Stat. (2006)).
The inherent ambiguity in these statutes is further illustrated by the variance between the text of section 938.10 and the title of that statute: “Additional court cost imposed in cases of certain crimes against minors.” § 938.10, Fla. Stat. (2006) (emphasis added). The majority recognizes the variance but does not accord it any statutory significance. Majority op. at 56-57. But see Larimore v. State, 2 So.3d 101, 112 (Fla. 2008) (“[T]he title of an act is properly considered in determining legislative intent.”); Horowitz v. Plantation Gen. Hosp. Ltd. P’ship, 959 So.2d 176, 182 (Fla. 2007) (citing City of Boca Raton v. State, 595 So.2d 25, 29 n.3 (Fla. 1992)).
These ambiguities stand against the backdrop, as the majority recognizes but then summarily discounts, of the longstanding rule that “costs are to be imposed per case and not per count.” Rocker v. State, 640 So.2d 163, 163 (Fla. 5th DCA 1994).[5] Because the text of the statutes at issue in this case is ambiguous, especially as it does not demonstrate the Legislature’s clear intent to deviate from this longstanding rule, the rule of lenity directs that we construe the statutes most favorably to the defendant. See § 775.021(1), Fla. Stat. (2016); McNeil, 162 So.3d at 277 (Sawaya, J., dissenting) (“The courts have held that similar cost statutes in criminal cases are penal statutes and must be strictly interpreted in favor of the defendant when they are ambiguous.”).
As we recently held in State v. Weeks, 202 So.3d 1 (Fla. 2016), when a criminal statute is subject to two different interpretations, courts are obliged to apply the rule of lenity. Id. at 8. As we have stated, the rule of lenity requires, “to the extent that definiteness is lacking, a statute must be construed in the manner most favorable to the accused.” Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991) (citing Palmer v. State, 438 So.2d 1, 3 (Fla. 1983); Ferguson v. State, 377 So.2d 709, 711 (Fla. 1979)). Applying the rule of lenity to sections 938.08, 938.085, and 938.10,1 am compelled to conclude that the costs created by these statutes shall be assessed per case rather than per count to lessen the burden on the defendant.
Finally, the majority’s statement that the Legislature may clarify its intent if the majority’s determination is inconsistent with the Legislature’s original intent in *62 these statutes is unavailing. See majority op. at 58-59 (quoting McNeil, 162 So.3d at 277). Such logic could likewise be applied to a decision imposing costs on a per case basis. If this reasoning were persuasive, statutory analysis—conducted under the pretext that if the Court reaches the incorrect conclusion, the Legislature can just “clear it up”—"would be meaningless. Majority op. at 58-59.
Due to the ambiguity arising from the text of the statutes at issue, which is even more evident in comparison to the longstanding rule that costs are imposed per case rather than per count, I would conclude that, pursuant to the rule of lenity, the costs provided for by the statutes at issue should be assessed on a per case basis. If the Legislature intended to depart from this longstanding rule, then it should have made clear its intent to do so in the text of the statutes. For the reasons explained above and consistent with Judge Sawaya’s dissent in the case below, I would conclude that the costs provided for in sections 938.08, 938.085, and 938.10 should be assessed per case.
QUINCE, J., concurs.

. See majority op. at 59 (citing Rafael v. State, 679 So.2d 314, 315 (Fla. 1st DCA 1996); Hunter v. State, 651 So.2d 1258, 1260 (Fla. 1st DCA 1995); Hollingsworth v. State, 632 So.2d 176, 177 (Fla. 5th DCA 1994)); majority op. at 59-60 (citing Mills v. State, 672 So.2d 873, 873-74 (Fla. 2d DCA 1996)); see also McNeil, 162 So.3d at 281 (Sawaya, J., dissenting) (citing Stickles v. State, 44 So.3d 653, 654 (Fla. 1st DCA 2010); Webster v. State, 705 So.2d 970, 971 (Fla. 2d DCA 1998); Van Vorous v. State, 696 So.2d 1317, 1318 (Fla. 1st DCA 1997); Seeker v. State, 674 So.2d 853, 853 (Fla. 1st DCA 1996); Neal v. State, 669 So.2d 1113, 1114 (Fla. 1st DCA 1996); Stephens v. State, 667 So.2d 312, 313 (Fla. 1st DCA 1995); Smith v. State, 661 So.2d 378, 378 (Fla. 1st DCA 1995); Renaud v. State, 660 So.2d 408, 408 (Fla. 1st DCA 1995); Nguyen v. State, 655 So.2d 1249, 1249 (Fla. 1st DCA 1995)).