# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2021-1110

_____

JARQUEZ JEROME WHITLEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Christopher N. Patterson, Judge.

December 13, 2023

PER CURIAM.

This appeal involves costs, fees, and fines the trial court imposed in two lump sums as part of Appellant's sentences on two felonies. Appellant argues that that the trial court erred by imposing some of the costs twice. He also argues that the trial court erred when it imposed discretionary fines in a lump sum, depriving him of the ability to discern whether he wanted to contest the amounts being imposed. We agree in part.

The State contends that Appellant's arguments have not been preserved for appeal because he did not object to the imposed costs, fees, and fines when the trial court imposed them. While that is the case, the trial court imposed lump sum costs, fees, and fines. Thus, Appellant did not have the ability to assess whether the trial

court was imposing unauthorized, excessive, or discretionary costs, fees, and fines until the trial court rendered the orders. Since he was not able to meaningfully assess the costs, fees, and fines being imposed prior to the orders being rendered and he timely filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), the issues on appeal are properly before this Court. *Hogle v. State*, 250 So. 3d 178, 181 (Fla. 1st DCA 2018).

Having found the issues are preserved, we first turn to the costs Appellant claims were improperly imposed twice. In 2017, the Florida Supreme Court addressed whether certain court costs could be imposed on a per count basis or had to be imposed on a per case basis. *McNeil v. State*, 215 So. 3d 55 (Fla. 2017). In determining the answer to this question, the Florida Supreme Court examined the plain language of the statutes. *Id.* at 57−60. The Florida Supreme Court stated that when the statute states "a violation" or "any offense" without additional language that would limit the costs to a per case basis, the costs could be assessed on a per count basis. *Id.* at 58−60. When the statute used the limiting language of "per case," then the cost could only be assessed once per case. *Id.* It even provided some examples of statutes that limited the costs to a per case basis. *Id.* at 58. Two of those examples are from sections 938.03 and 938.27, Florida Statutes (2016). *McNeil*, 251 So. 3d at 58.

Appellant complains about being charged twice for the costs associated with sections 938.03 and 938.27, Florida Statutes (2018). The language concerning the costs contained in those sections had not changed from the time the Florida Supreme Court analyzed them. As a result, the trial court erred by imposing these costs twice. On remand, the trial court must strike the duplicate costs.

Likewise, Appellant complains about being charged twice for the costs associated with section 938.05(1)(a), Florida Statutes (2018). This Court has determined, while using the same version of this statute, that the maximum amount that could be imposed was $225.00. *Thomas v. State*, 76 So. 3d 360, 360 (Fla. 1st DCA 2011). Appellant was charged this maximum amount twice. As a

result, the trial court erred, and it must strike the duplicate cost on remand.

The trial court also imposed the costs associated with section 938.01, Florida Statutes (2018), twice. Section 938.01 states, in relevant part, "(1) All courts created by Art. V of the State Constitution shall, in addition to any fine or other penalty, require every person convicted for violation of a . . . . criminal statute or convicted for violation of a municipal or county ordinance to pay $3 as a court cost." This language does not suggest that the costs are limited to a per case basis. Accordingly, the trial court did not err.

Appellant was also charged twice for the costs associated with section 938.15, Florida Statutes (2018). Section 938.15 states, in relevant part, "In addition to the costs provided for in s. 938.01, municipalities and counties may assess an additional $2 for expenditures for criminal justice education degree programs and training courses, . . ." Since there is nothing limiting the cost to a per case basis, the trial court was free to impose the cost on each count. Thus, the trial court did not err.

The next cost the trial court imposed twice was for the costs associated with section 318.18(11)(b), Florida Statutes (2018). Section 318.18(11)(b) allows for the imposition of fine of $3.00 for a fleeing and eluding conviction, and other nonrelevant traffic violations, in Bay County. The plain language of section 318.18 allows for the imposition of the fine on a per count basis providing the count is for one of the enumerated traffic violations. Since Appellant was only convicted of one relevant traffic violation, this fine could only be imposed once. Therefore, the trial court erred when it imposed this cost twice. It must strike the duplicate cost on remand.

Appellant also complains that the trial court improperly charged him twice for the costs associated with section 939.185, Florida Statutes (2018). Section 939.185 states in relevant part, "(1)(a) The board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65, to be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, or adjudicated delinquent for, any felony . . . ." The plain

language of the statute does not limit the costs to a per case basis. *Sanchez v. State*, 332 So. 3d 1, 3–4 (Fla. 4th DCA 2020). However, the inquiry does not stop there. We must consult the language of the ordinance to ensure that the county commission did not limit the costs to a per case basis.

The relevant Bay County ordinance is worded similarly to section 939.185. Thus, the imposition of the costs is not limited to a per case basis. Accordingly, the trial court did not err by imposing this cost twice.

Next, Appellant complains that the trial court erred by imposing the costs associated with section 775.083(2), Florida Statutes (2018), twice. Section 775.083(2) states in relevant part,

> In addition to the fines set forth in subsection (1), court costs shall be assessed and collected in each instance a defendant . . . . is convicted of, . . . . , a felony, a misdemeanor, or a criminal traffic offense under state law, or a violation of any municipal or county ordinance if the violation constitutes a misdemeanor under state law. The court costs imposed by this sanction shall be $50 for a felony . . . .

By stating that the trial court shall assess costs for "each instance," those costs are to be imposed on a per count basis. Thus, the trial court did not err by imposing these costs twice.

Now, we turn to the discretionary fines and costs. Appellant argues that because the trial court imposed discretionary fines without pronouncing them, they should be struck. We agree. When a trial court imposes discretionary fines, it is required to pronounce them so that a defendant has an opportunity to contest them. *Bryant v. State*, 302 So. 3d 995, 1000 (Fla. 1st DCA 2020). As a result, the following fines and surcharges associated with sections 775.083(1), 938.04, 938.15, and 939.185 must be struck. However, the trial court may reimpose them if it gives Appellant notice and follows the proper resentencing procedures. *Bryant*, 302 So. 3d at 1000.

4

The trial court also imposed more than the minimum amount for the assistance Appellant received from a public defender's office. Because Appellant was entitled to be heard on any amount over the minimum, the amount over the minimum must be struck. *Id.* at 999–1000. If the trial court chooses, it may reimpose the higher amount if it gives Appellant notice and follows the proper resentencing procedures. *Id.*

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

OSTERHAUS, C.J., and ROBERTS and LONG, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Sharon Traxler, Assistant Attorney General, Tallahassee, for Appellee.