# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3024
Lower Tribunal No. 2023-MM-000417

_____

JAIRIOUS ELAINA CULBERTSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Osceola County.
Gabrielle N. Sanders-Morency, Judge.

December 5, 2025

PER CURIAM.

Jairious Culbertson appeals her judgment and sentence for trespass. On appeal she raises two issues[1], only one of which has merit: the trial court erred in denying the motion to correct sentencing error.

---

[1] In her first issue raised on appeal Culbertson asserts that the trial court erred in denying her motion for mistrial because a State witness mentioned Facebook pages referring to theft of a horse. Because any error made by the trial court in including the witness testimony was harmless, we affirm the conviction without further discussion. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

After the jury convicted Culbertson of trespass, the trial court orally pronounced courts costs of "$271," and later issued its written judgment and sentence, which also reflected the same lump sum. Neither the trial court's oral pronouncement nor its sentencing order identified the individual bases for the costs composing this amount. Instead, the written sentencing order grouped several statutes together which authorize amounts that do not combine to support the full amount of the lump sum awarded. Similarly, the trial court imposed costs pursuant to section 939.185. That statute authorizes the adoption of ordinances by specific government entities to impose specific additional costs, but neither the written sentencing order nor the record reveal the ordinances which were adopted to authorize the imposition of those costs against Culbertson.

While no statute or procedural rule requires a trial court to explain the basis for an imposed cost, due process requires that it at least be evident from the record. *See King v. State*, 375 So. 3d 389, 393 & n.3 and 395 (Fla. 5th DCA 2023). Because the basis for each cost imposed is not evident in the record, we remand for the trial court to properly impose the costs in the written sentence. In so doing, we continue to reject any technical requirement that citation to authority must always appear in every written cost order. *Id.*; *Spiro v. State*, 418 So. 3d 316 (Fla. 6th DCA 2025). While a citation in the written order might be the best practice, due process is satisfied, and appellate review possible, when there is citation to authority in the

record or when the basis for each cost is otherwise evident in the record. *Id*. That is not the case here. Accordingly, we must remand for the trial court to properly impose the costs in the written sentence.

On remand, the trial court should also correct three other errors in the sentencing order, all three of which were raised below. First, as both parties note, sections 938.05 and 939.185 are listed twice in the written sentence. Culbertson argues such duplication is improper because there is only one count, and the State notes that it is "not clear why" the duplication appears. Section 938.05 authorizes a court cost of $60 for a misdemeanor conviction. *See* § 938.05(1)(b), Fla. Stat. (2022). Section 939.185 allows for the imposition by ordinance of $65 as well as for certain "unit[s] of local government" to assess a second cost in the amount of $85 by ordinance should a person be found guilty of any misdemeanor. *See* § 939.185(1)(a), (b), Fla. Stat. (2022). As there was only one conviction for trespass in this case, it was improper to duplicate sections 938.05 and 939.185 in the sentence. *Whitley v. State*, 376 So. 3d 79, 82 (Fla. 1st DCA 2023) (citing *McNeil v. State*, 215 So. 3d 55 (Fla. 2017)).

Second, Culbertson correctly contends that section 938.04, Florida Statutes, applies a surcharge of "5-percent" to any fine assessed and that such surcharge should be $0 because there was no oral pronouncement of fines and the written sentence states that a fine is not included in the lump-sum amount of $271. *See* §

3

938.04, Fla. Stat. (2022). It should therefore not be included in the written sentence because it is not applicable.

Third, section 318.18, Florida Statutes, does not apply to Culbertson's conviction for trespass. Rather, the section is applicable to various traffic and other infractions. *See* § 318.18, Fla. Stat. (2022) (entitled "Amount of penalties" and applicable to motor vehicles, bicycle and pedestrian regulation infractions, and traffic violations and infractions). It should therefore not be included in the written sentence.

AFFIRMED in part; REVERSED in part.

NARDELLA, MIZE and GANNAM, JJ., concur.


Blair Allen, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Roberts J. Bradford, Jr., Senior Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED