PER CURIAM.
We affirm Appellant’s convictions and sentences on all counts. We remand, however, with instructions that the court conform the written sentencing documents to the oral pronouncement.
At the sentencing hearing, with respect to counts three through nine, the court orally reduced Appellant’s cost of supervision to $25 per month, “at least for the, um, the first two years of restitution, uh, if restitution is being made at an appropriate pace, then the defendant can come back and seek, uh, further reduction on the cost of supervision at that point.” However, the written sentencing orders and conditions in the probation orders for counts two and sixteen require Appellant to pay $50 per month in supervision costs, as well as complete restitution to the victims within the first two years of supervision.
Where a conflict exists between the oral pronouncement of sentence and written sentencing documents, the oral pronouncement controls. Williams v. State, 957 So.2d 600, 603 (Fla.2007); Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003). Appellant contends that special condition sixteen and general condition two, as written, should be stricken and amended to reflect the court’s oral pronouncement. The State appropriately concedes error.
Appellant also argues that the court erred in imposing the $50 monthly supervision cost in each of counts three through nine. He cites Stickles v. State, 44 So.3d 653, 654 (Fla. 1st DCA 2010), for the proposition that costs may be imposed “per case” and not “per count.” Thus, he argues that in addition to reducing the supervision cost to $25 per month for the first two years as orally pronounced, the sentencing and probation documents must reflect that only one monthly cost amount is required for the case. Although the State contends that Stickles does not apply, it agrees that only one monthly supervision cost amount should be imposed in this case because the trial court clearly intended that Appellant pay a reduced cost of supervision.
AFFIRMED AND REMANDED.
SAWAYA, TORPY and JACOBUS, JJ., concur.