DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KOAS BORN FREE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3626

[December 9, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562017CF003249A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his judgment of conviction and sentence, contending that the court failed to enter a written order of competency and also failed to orally pronounce the public defender fee which appears in the final judgment for costs. The State concedes that an order of competency should be entered. As to the costs and public defender fee, we remand for correction of the final judgment.

In the information, appellant was charged with battery on a law enforcement officer, resisting an officer with violence, and providing a false name when arrested or detained. Defense counsel filed two motions to examine appellant for competency and both motions were granted. Initially appellant was found to be incompetent.

A few months later, the court ordered that appellant appear at a competency hearing because of a "Notice of Restoration of Pre-trial Competence." Based on the notice, the trial court held a hearing and found that appellant was "competent to proceed." No written order of competency was entered.

Appellant ultimately entered a negotiated no contest plea. The written plea agreement states that the recommendation for sentencing included "court costs, cost of prosecution, [and] cost of investigation." Paragraph 31 of the plea agreement provides that appellant was advised "that attorney's fees and costs will be assessed in the amount of $100 public defender fee and $1589.00 costs." Next to paragraph 31 is a handwritten note that provides a breakdown of the $1589.00 in costs, which appear to be for the competency evaluations and transcripts for the hearings on competency.

At a change of plea hearing, the court reviewed the plea agreement and confirmed that appellant understood the terms of the plea and had entered it voluntarily. The court then adjudicated appellant guilty and stated with respect to the costs:

> I'm going to assess the $50 application fee, the $100 Public Defender fee, $418 in court costs, $200 cost of prosecution, and the $50 cost of investigation as well as the two battery assessments. And these will all be reduced to a civil judgment and lien against you, sir.

Thereafter, the court entered a written final judgment for fines, fees, costs and additional charges showing appellant owed "$1,689.00" for "Public Defender Fees."

After the filing of this appeal, appellant filed a motion to correct the sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Appellant argued that because the $1689.00 public defender fee was not orally pronounced, it should be reduced to the statutory minimum of $100. The motion was not ruled upon but preserved the issue for appeal.

In this appeal, appellant does not claim that the trial court's oral finding of competency was improper. Appellant argues simply that the case should be reversed and remanded for an order nunc pro tunc. The State concurs that the written order is absent from the record and agrees that the case should be remanded, not reversed, for the competency order nunc pro tunc.

"[T]he Florida Rules of Criminal Procedure are clear: after holding a competency hearing, the trial court must enter a *written* order if it finds the defendant is competent to proceed." *Drennan v. State*, 293 So. 3d 1063, 1064 (Fla. 4th DCA 2020) (citing Fla. R. Crim. P. 3.212(b)). "If the trial court does not enter a written order on the defendant's competency,

2

the appellate court must remand the case to the trial court for it to enter that order *nunc pro tunc.*" *Id.* (citing *Machin v. State*, 267 So. 3d 1098, 1101 (Fla. 4th DCA 2019) and *Torres v. State*, 288 So. 3d 694, 694 (Fla. 4th DCA 2019)). In *Torres*, this court affirmed the convictions and sentences of the defendant and remanded "solely for the trial court to enter a *nunc pro tunc* order memorializing its competency finding." 288 So. 3d at 694.

Here, the case law confirms, and the parties agree, that remand for entry of the written order as to appellant's competency is the appropriate course of action. Accordingly, we remand for the trial court to issue a competency order nunc pro tunc.

As to the costs, "[w]here a conflict exists between the oral pronouncement of sentence and written sentencing documents, the oral pronouncement controls." *Chrystie v. State*, 95 So. 3d 1027, 1028 (Fla. 5th DCA 2012). We agree with appellant that the court did not pronounce a $1689 public defender's fee. Instead, the court followed the plea agreement and assessed a $100 public defender fee and also included as costs of investigation the "the two battery assessments." This is obviously a reference to the $1589 of costs outlined in the plea agreement. Because these costs were listed in the plea agreement, which was accepted by appellant, the fact that the court did not individually recite the dollar amount of each cost comprising these battery assessments does not require this court to strike amounts that appellant had clearly agreed to assume. No due process violation has occurred.

Therefore, the final judgment of costs should be amended to show that the public defender fee is $100, and that the costs related to the competency determinations are $1589, consistent with the plea agreement. This will conform the written judgment to the oral pronouncement.

We affirm, but remand for the trial court to enter an order of competency nunc pro tunc and to correct the final judgment of costs in accordance with this opinion.

*Affirmed and remanded.*

LEVINE, C.J., and ARTAU, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3