# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-2240
LT Case No. 2019-CF-1513

_____

JOSEPH M. VAVRA,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
Steven B. Whittington, Judge.

Robert David Malove, and Hani Demetrious, of The Law Office of
Robert David Malove, P.A., Ft. Lauderdale, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross,
Assistant Attorney General, Tallahassee, for Appellee.

August 2, 2024

HARRIS, J.

In 2019, the State of Florida charged Appellant, Joseph
Vavra, with ten counts of possession of child pornography.
Appellant subsequently entered a guilty plea, was adjudicated
guilty on all ten counts, and was sentenced to thirteen years in
prison on counts one through nine, to run concurrently, and five
years of sex offender probation as to count ten. At the sentencing

hearing, the court further imposed $418 in court costs, a $100 attorney fee, a $50 application fee, $151 for Crimes Against Minors, and a $151 Rape Crisis surcharge. Finally, the court imposed $150 in restitution to be paid to the Division of Victim Services. The written sentencing documents ordered Appellant to pay court costs, fees, and fines "as imposed at sentencing" in the total amount of $3,788.

Appellant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), requesting that the court strike the order of restitution, issue a corrected order with statutory authority for costs and fees, and strike any non-discretionary fines that conflict with the oral pronouncement. He correctly argued that the plea agreement made no mention of restitution, the transcript from his plea hearing did not mention restitution, and that the trial court did not determine that the restitution was caused by his offense or that it bore a significant relationship to the offense. Further, he argued that the court's oral pronouncement imposed a total of $1,020 in costs, but the written order imposed $3,788 in "court costs, fees, and fines as imposed at sentencing" as a condition of probation. The motion was denied by the passage of time and this appeal followed.

In this appeal, Appellant argues the imposition of restitution was erroneous because the State did not request restitution and the record failed to establish a causal and significant relationship with his offense. He further argues that the imposition of $3,788 in the written sentencing was erroneous because that amount conflicts with the oral pronouncement and did not include any statutory authority. The State agrees that the record does not support the imposition of $150 for restitution, as restitution was not mentioned anywhere in the record, and further agrees that the written judgment and sentence failed to reflect the costs imposed at sentencing.

"Where a conflict exists between the oral pronouncement of sentence and written sentencing documents, the oral pronouncement controls." *Chrystie v. State*, 95 So. 3d 1027, 1028 (Fla. 5th DCA 2012). Here, the total amount of costs and fines imposed during sentencing was $1,020, including the $150 in restitution ($870 without restitution). The written sentencing

2

documents reflect a total amount of $3,788 without citing to any statutory authority. *See V.D. v. State*, 922 So. 2d 1037, 1038 (Fla. 5th DCA 2006) (holding trial court must provide statutory basis for costs imposed). The State properly concedes that the case should be remanded so the costs may be properly included in the written order with statutory authority cited for each cost.

Accordingly, we strike the imposition of restitution and remand for entry of an order reflecting the correct amount of costs imposed at sentencing and the proper basis for each cost.

RESTITUTION STRICKEN; CASE REMANDED FOR ENTRY OF CORRECTED COSTS ORDER.

MAKAR and WALLIS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3